1  JEFF S. WESTERMAN (SBN 94559)
   jwesterman@milberg.com
2  MILBERG LLP
   One California Plaza
3  300 South Grand Avenue, Suite 3900
   Los Angeles, CA 90071
4  Telephone: (213) 617-1200
   Facsimile:  (213) 617-1975
5
   JEROME M. CONGRESS
6  jcongress@milberg.com
   KENT A. BRONSON
7  kbronson@milberg.com
   MILBERG LLP
8  One Pennsylvania Plaza, 49th Floor
   New York, NY 10119
9  Telephone: (212) 594-5300

10 GEORGE A. SHOHET (SBN 112697)
   georgeshohet@gmail.com
11 LAW OFFICES OF GEORGE A. SHOHET,
     A PROFESSIONAL CORPORATION
12 245 Main Street, Suite 310
   Venice, CA  90291
13 Telephone: (310) 452-3176

14 *Proposed Lead Counsel*

15              UNITED STATES DISTRICT COURT

16            SOUTHERN DISTRICT OF CALIFORNIA

17 SUMNER D. BEARMAN, Individually And        CASE NO. 08-cv-1115-DMS -WMC
   On Behalf of All Others Similarly Situated, )
18                                            )  NOTICE OF MOTION OF HANOCH BEN-
                                   Plaintiffs, )  TAL, AS TRUSTEE FOR THE BEN-TAL
19                                            )  FAMILY TRUST, AND ARIC A. STREIT
                  v.                          )  AND MARY STREIT, AS TRUSTEES FOR
20                                            )  THE BENEFIT OF THE STREIT LIVING
   BANK OF AMERICA CORPORATION,              )  TRUST, FOR CONSOLIDATION,
21 BANC OF AMERICA INVESTMENT               )  APPOINTMENT AS CO-LEAD
   SERVICES, INC., and BANC OF AMERICA      )  PLAINTIFFS AND APPROVAL OF CO-
22 SECURITIES, LLC,                          )  LEAD PLAINTIFFS' SELECTION OF CO-
                                            )  LEAD COUNSEL
23                                Defendants. )
                                            )  DATE:        TBD
24                                            )  TIME:        TBD
                                            )  CTRM:        10
25                                            )  JUDGE:    Dana M. Sabraw
                                            )
26 _____ )

27

28 _____
     NOTICE OF MOTION TO CONSOLIDATE, APPOINT AS CO-LEAD PLAINTIFFS
                   AND APPROVE CO-LEAD COUNSEL
   DOCS\440647v1

PLEASE TAKE NOTICE that Hanoch Ben-Tal, as Trustee for the Ben-Tal Family Trust, and Aric A. Streit and Mary Streit, as Trustees for the Benefit of The Streit Living Trust ("Movants"), by their counsel, will hereby move this Court on a date and at such time as may be designated by the Court, for an order: (i) consolidating the above-captioned action with any other related actions for all purposes pursuant to Fed. R. Civ. P. 42(a); (ii) appointing Hanoch Ben-Tal, as Trustee for the Ben-Tal Family Trust, and Aric A. Streit and Mary Streit as Trustees for the Benefit of The Streit Living Trust as Co-Lead Plaintiffs in the above-captioned action and any related actions alleging violations of the securities laws; (iii) approving Movants' selection of the law firms of Milberg LLP ("Milberg") and Law Offices of George A. Shohet, A Professional Corporation ("Shohet") to serve as Co-Lead Counsel in the Securities Actions; and (iv) granting such other and further relief as the Court may deem just and proper.  In support of this Motion, Movants submit herewith a Memorandum of Law, an Order, and the Declaration of Jeff S. Westerman, dated July 21, 2008.

Dated: July 21, 2008

MILBERG LLP
JEFF S. WESTERMAN

By:        /s/ Jeff S. Westerman
_____
JEFF S. WESTERMAN

One California Plaza
300 South Grand Avenue, Suite 3900
Los Angeles, CA 90071-3172
Telephone: (213) 617-1200
Facsimile:  (213) 617-1975
Email:  jwesterman@milberg.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MILBERG LLP
Jerome M. Congress
Kent A. Bronson
One Pennsylvania Plaza, 49th Floor
New York, NY  10119
Telephone: (212) 594-5300
E-mail:  jcongress@milberg.com
　　　　　 kbronson@milberg.com

LAW OFFICES OF GEORGE A. SHOHET,
　 A Professional Corporation
GEORGE A. SHOHET
245 Main Street, Suite 310
Venice, CA 90291
(310) 452-3176
E-mailgeorgeshohet@gmail.com

*Proposed Lead Counsel*

| MOTION TO CONSOLIDATE, APPOINT AS CO-LEAD PLAINTFFS AND APPROVE CO-LEAD COUNSEL | - 2 - | CASE NO.  08-cv-1115-DMS -WMC |
| --- | --- | --- |

DOCS\440647v1

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, employed in the County of Los Angeles, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is One California Plaza, 300 South Grand Avenue, Suite 3900, Los Angeles, California 90071-3149.

2.      That on July 21, 2008, declarant served the NOTICE OF MOTION OF HANOCH BEN-TAL, AS TRUSTEE FOR THE BEN-TAL FAMILY TRUST, AND ARIC A. STREIT AND MARY STREIT, AS TRUSTEES FOR THE BENEFIT OF THE STREIT LIVING TRUST, FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF CO-LEAD PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL by depositing a true copy thereof in a United States mailbox at Los Angeles, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.      That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 21st day of July, 2008, at Los Angeles, California.

_____
ANN MARIE GENOVESE

| MOTION TO CONSOLIDATE, APPOINT AS CO-LEAD PLAINTFFS AND APPROVE CO-LEAD COUNSEL<br>DOCS\440647v1 | - 3 - | CASE NO.  08-cv-1115-DMS -WMC |

*Bank of America Corporation*
<u>**Service List**</u>

<u>***Plaintiffs Counsel:***</u>

Jeff S. Westerman
**MILBERG LLP**
300 South Grand Ave., Suite 3900
Los Angeles, CA 90071
Telephone: (213) 617-1200
Facsimile: (213) 617-1975
Email: jwesterman@milberg.com

George A. Shohet
**LAW OFFICES OF GEORGE A. SHOHET,**
**A PROFESSIONAL CORPORATION**
245 Main Street, Suite 310
Venice, CA 90291
Telephone: (310) 452-3176
Email: georgeshohet@gmail.com

Daniel C. Girard
Jonathan K. Levine
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: dcg@girardgibbs.com
      jkl@girardgibbs.com

Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: (816) 714-7100
Facsimile: (816) 714) 7101
Email: siegel@stuevesiegel.com

Christopher S. Seeger
Steven A. Weiss
David R. Buchanan
**SEEGER WEISS LLP**
One William Street
New York, NY 10004
Telephone: (212) 584-0700
Facsimile: (212) 584-0799
Email: cseeger@seegerweiss.com
      sweiss@seegerweiss.com
      dbuchanan@seegerweiss.com

Eileen L. McGeever
**RUSHALL & MCGEEVER**
6100 Innovation Way
Carlsbad, CA 92009
Telephone: (760) 438-6855
Facsimile: (760) 438-3026
Email: RM@rushallmcgeever.com

Shawn Khorrami
**KHORRAMI POLLARD & ABIR LLP**
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Telephone: (213) 596-6000
Facsimile: (213) 596-6010
Email: SKhorrami@kpalawyers.com

| MOTION TO CONSOLIDATE, APPOINT AS CO-LEAD PLAINTFFS AND APPROVE CO-LEAD COUNSEL | - 4 - | CASE NO. 08-cv-1115-DMS -WMC |

DOCS\440647v1

1

***Defendants Counsel:***

2

Debra S. Belaga
Aaron M. Rofkahr

3

**O'MELVENY & MYERS LLP**
Embarcadero Center West

4

275 Battery Street, Ste. 2600
San Francisco, CA  94111-3305

5

Telephone: (415) 984-8700

6

Facsimile: (415) 984-8701
Email: dbelaga@omm.com

7

        arofkahr@omm.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    JEFF S. WESTERMAN (SBN 94559)
     jwesterman@milberg.com
2    MILBERG LLP
     One California Plaza
3    300 South Grand Avenue, Suite 3900
     Los Angeles, CA 90071
4    Telephone: (213) 617-1200
     Facsimile:  (213) 617-1975
5

6    JEROME M. CONGRESS
     jcongress@milberg.com
     KENT A. BRONSON
7    kbronson@milberg.com
     MILBERG LLP
8    One Pennsylvania Plaza, 49th Floor
     New York, NY 10119
9    Telephone: (212) 594-5300

10   GEORGE A. SHOHET (SBN 112697)
     georgeshohet@gmail.com
11   LAW OFFICES OF GEORGE A. SHOHET,
      A PROFESSIONAL CORPORATION
12   245 Main Street, Suite 310
     Venice, CA  90291
13   Telephone: (310) 452-3176

14   *Proposed Lead Counsel*

15                UNITED STATES DISTRICT COURT

16            SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 17   SUMNER D. BEARMAN, Individually And<br>On Behalf of All Others Similarly Situated,  ) | CASE NO. 08-cv-1115-DMS -WMC |
| 18                               )<br>19              Plaintiffs,  )<br>                               )<br>20          v.  )<br>                               )<br>21   BANK OF AMERICA CORPORATION,  )<br>     BANC OF AMERICA INVESTMENT  )<br>22   SERVICES, INC., and BANC OF AMERICA )<br>     SECURITIES, LLC,  )<br>                               )<br>23             Defendants.  )<br>                               ) | MEMORANDUM OF LAW IN SUPPORT<br>OF MOTION OF HANOCH BEN-TAL, AS<br>TRUSTEE FOR THE BEN-TAL FAMILY<br>TRUST, AND ARIC A. STREIT AND<br>MARY STREIT, AS TRUSTEES FOR THE<br>BENEFIT OF THE STREIT LIVING TRUST,<br>FOR CONSOLIDATION, APPOINTMENT<br>AS CO-LEAD PLAINTIFFS AND<br>APPROVAL OF CO-LEAD PLAINTIFFS'<br>SELECTION OF CO-LEAD COUNSEL |

| | |
|---|---|
| DATE: | TBD |
| TIME: | TBD |
| CTRM: | 10 |
| JUDGE: | Hon. Dana M. Sabraw |

26

27

28

---

1      Class members Hanoch Ben-Tal as Trustee for the benefit of the Ben-Tal Family Trust,

2  and Aric A. Streit and Mary Streit, as Trustees for the benefit of the Streit Living Trust

3  (collectively, "Movants") respectfully submit this Memorandum of Law in support of their

4  motion for an order: (i) consolidating any related actions filed in or transferred to this District for

5  all purposes pursuant to Fed. R. Civ. P. 42(a); (ii) appointing Movants as Co-Lead Plaintiffs

6  pursuant to the PSLRA; (iii) approving Movants' selection of Milberg and Shohet as Co-Lead

7  Counsel in this action and in any subsequently filed and/or related cases; and (iv) granting such

8  other and further relief as the Court may deem just and proper.

9      Movants have a total of $6.85 million of auction rate securities (sometimes referred to

10 using the acronym "ARS") purchased through Bank of America Corporation, Banc of America

11 Investment Services, Inc., Banc of America Securities, LLC (collectively, "defendants" or "Bank

12 of America")  that are now frozen in their respective accounts.[1]  Because of the extent of their

13 ARS holdings, Movants have a powerful financial incentive to recover the full value of their

14 holdings from the defendants and pursue other appropriate remedies.  They have executed

15 certifications demonstrating the extent of their holdings and desire to serve as the Co-Lead

16 Plaintiffs. *See* Declaration of Jeff S. Westerman in Support of the Motion of Hanoch Ben-Tal as

17 Trustee for the benefit of the Ben-Tal Family Trust and Aric A. Streit and Mary Streit as

18 Trustees for the benefit of The Streit Living Trust for Appointment as Co-Lead Plaintiffs and

19 Approval of Selection of Co-Lead Counsel ("Westerman Decl."), Exs. A and B.

20     Movants appear to have the largest financial interest in the outcome of this litigation, and

21 otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. For these

22 reasons, they believe that they are the "most adequate plaintiffs" to lead the litigation and their

23 selection of co-lead counsel should be approved.

24

25

26 [1]  Shortly before the ARS market collapsed, the Streits transferred their ARS holdings acquired
   through Bank of America to another broker-dealer.  Although the securities were transferred
27 before the collapse of the ARS market, they were not sold before the collapse and remain frozen
   and illiquid.

28

| MEMO OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE, APPOINT AS CO-LEAD PLAINTFFS AND APPROVE CO-LEAD COUNSEL | - 1 - | CASE NO.  08-cv-1115-DMS -WMC |

DOCS\440640v1

## I.    FACTUAL BACKGROUND

On May 22, 2008, a class action was filed on behalf of persons or entities who purchased and continue to hold auction rate securities offered for sale by defendants between May 22, 2003, and February 13, 2008 (the "Class Period").[2]   The plaintiff alleges violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a) and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder.

Defendants allegedly knew, but failed to disclose, material facts while marketing ARS to class members, including, *inter alia*, the true risks associated with these securities and the ARS market generally.   ARS were falsely portrayed as suitable for risk-averse investors seeking liquidity and preservation of principal. Defendants falsely marketed ARS as desirable because they earned slightly higher interest rates or dividends over other safe, short-term investments, like U.S. Treasuries. Class members were typically promised that they could obtain a return of their monies by liquidating these holdings every 7, 28 or 35 days.

In fact, defendants knew that (a) these securities were not safe, short term investments; (b) continuing liquidity was uncertain because it depended substantially, if not completely, on defendants and other broker-dealers artificially supporting the ARS auctions and market; (c) in fact no real market for these securities could or would exist, and most if not all of the auctions for these securities would be overwhelmingly, if not completely, doomed to failure, were it not for defendants' and other broker-dealers' constant and pervasive support and propping up of these auctions by always, or nearly always, serving as buyers of last resort for these securities;

---

[2]   Movants have filed a securities class action against the defendants in the Central District of California, captioned *Hanoch Ben-Tal, et al. v. Bank of America Corporation, et al.*, Case No. Case No. C 08-4767 JSL (C.D. Cal., filed July 21, 2008).  In addition to alleging claims against the defendants under the Exchange Act, Movants assert claims under the Investment Advisers Act, 15 U.S.C.§ 80b-1, *et seq.*  We are also informed there is a similar action pending, which was filed by plaintiffs in the Northern District of California *Bondar v. Bank of America Corporation*, Case No. C 08-02599 JSW.  Under the PSLRA, these cases should be consolidated before lead plaintiff and lead counsel are selected.  15 U.S.C. § 78u-4(a)(3)(B)(ii).

| MEMO OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE, APPOINT AS CO-LEAD PLAINTFFS AND APPROVE CO-LEAD COUNSEL | - 2 - | CASE NO.  08-cv-1115-DMS -WMC |
|---|---|---|

DOCS\440640v1

1    and (d) these securities would (and did) in fact become illiquid as soon as defendants ceased their

2    routine and pervasive artificial support for the ARS auction market.

3        On February 13, 2008, Movants and other Class members were devastated by the sudden

4    collapse of the ARS market due to the failure of almost 90% of all auctions caused by

5    Defendants' misconduct. Over $300 billion in ARS holdings became illiquid because defendants

6    will no longer support the auction process they devised. Numerous class members are

7    experiencing life-changing hardship given the inability to tap significant sums of their own

8    money. In some cases large portions (or all) of their life savings are frozen, while in others

9    monies urgently needed for medical expenses, tax obligations, home purchases and the like are

10    inaccessible.

11   **II.    ARGUMENT[3]**

12        **A.    MOVANTS SHOULD BE APPOINTED CO-LEAD PLAINTIFFS**

13        The PSLRA establishes a procedure that governs the appointment of a Lead Plaintiff in

14    "each private action arising under the [Exchange Act] that is brought as a plaintiff class action

15    pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(l) and (a)(3)(B)(i).  First,

16    the plaintiff who files the initial action must publish a notice to the class, within twenty days of

17    filing the action, informing class members of their right to file a motion for appointment as Lead

18    Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The plaintiff in this action caused notice to be published

19    pursuant to the PSLRA on *Business Wire* on May 22, 2008.  *See* Westerman Decl., Ex. C.

20    National news wire services have been recognized as suitable vehicles for meeting the statutory

21    requirement that notice be published "in a widely circulated national business-oriented

22    publication or wire service." *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass.

23    1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at

24    *2 (N.D. Ill. Aug. 6, 1997).

25

26    ――――――――――――――――

27    [3]  Movants respectfully request that any related actions filed in or transferred to this District be
      ordered consolidated for all purposes pursuant pursuant to Fed. R. Civ. P. 42(a).

28    | MEMO OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE, APPOINT AS CO-LEAD PLAINTFFS AND APPROVE CO-LEAD COUNSEL | - 3 - | CASE NO.  08-cv-1115-DMS -WMC |

      DOCS\440640v1

1    Second, within sixty days of publishing the notice, any person or group of persons who

2   are members of the proposed class may apply to the court to be appointed as lead plaintiff,

3   whether or not they previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) and

4   (B).

5    Third, within ninety days after publication of the initial notice of pendency, the Court

6   shall consider any motion made by a class member and shall appoint as lead plaintiff the member

7   or members of the class that the court determines to be most capable of adequately representing

8   the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate

9   plaintiff," the PSLRA provides that:

10    [T]he court shall adopt a presumption that the most adequate plaintiff in any private

11   action arising under this Act is the person or group of persons that:

12    (aa) has either filed the complaint or made a motion in response to a notice . . .

13    (bb) in the determination of the court, has the largest financial interest in the relief
      sought by the class; and
14
15    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil
      Procedure.
16

17   15 U.S.C. § 78u-4(a)(3)(B)(iii). S*ee In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *see*

18   *also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D.

19   395, 402-04 (S.D.N.Y. 2004).

20    1.    **MOVANTS SATISFY THE LEAD PLAINTIFF**
              **REQUIREMENTS OF THE PSLRA**
21

22         a.    **Movants Complied With The PSLRA, Are The Most**
                  **Adequate Plaintiffs Under the PSLRA, And Should Be**
                  **Appointed Lead Plaintiffs**
23

24    Movants filed their motion within the time period in which Class members may move to

25   be appointed Lead Plaintiff in this case, under 15 U.S.C. § 78u-4(a)(3)(A) and (B), which expires

26   on July 21, 2008.  Movants reviewed the allegations in the complaint in this action and are

27   willing to serve as representatives on behalf of the Class.  *See* Westerman Decl., Exs. A and B.

28

| MEMO OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE, APPOINT AS CO-LEAD PLAINTFFS AND APPROVE CO-LEAD COUNSEL | - 4 - | CASE NO.  08-cv-1115-DMS -WMC |
|---|---|---|

DOCS\440640v1

1  In addition, Movants selected and retained highly experienced and competent counsel to

2  represent them and the Class. *See* Westerman Decl., Exs. D and E (attaching firm résumés of

3  Milberg and Shohet).

4        Accordingly, Movants satisfy the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B)

5  and their application for appointment as Co-Lead Plaintiffs, and selection of Milberg and Shohet

6  as Co-Lead Counsel, should be approved by the Court.

7                    **b.    Movants Have the Requisite Financial Interest in the
                              Relief Sought by the Class**

8

9        According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the

10  Class member who represents the largest financial interest in the relief sought by the action. *See*

11  *In re Cavanaugh*, 306 F.3d. at 730 ("[T]he district court must compare the financial stakes of the

12  various plaintiffs and determine which one has the most to gain from the lawsuit."); *see also In*

13  *re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) (identification of the most adequate

14  plaintiff, "begins with the identification of the movant with 'the largest financial interest in the

15  relief sought by the class.'") (*quoting* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)); *In re Charles*

16  *Schwab Securities Litigation*, No. C 08-01510 WHA, 2008 WL 2635495, *3 (N.D. Cal. July 3,

17  2008) (equating "largest financial interest" with largest potential recovery).

18        In securities cases brought pursuant to the PSLRA, the relative financial interest of lead

19  plaintiff movants is often measured by the difference between the class-period purchase price of

20  the securities on the one hand, and sale price of the securities subsequent to disclosure of

21  defendants' materially false and misleading statements on the other. The case at bar differs

22  because the gravamen of plaintiff's allegations is that defendants failed to disclose the true risks

23  and nature of the securities and ARS market. In these cases, class members were harmed when

24  their investments became illiquid and they could not access their money.  In addition, because

25  the purported values of the ARS were inflated by defendants' concealment of the true risks,

26  interest rates on the ARS were much lower than what should have been offered and paid.

27

28

1   During the Class period, as evidenced by, among other things, the accompanying signed

2   certifications (see Westerman Decl., Exs. A and B), the Movants purchased a total of $6,850,000

3   in ARS from defendants that are currently held by Movants, and were injured thereby. Because

4   Movants satisfy all of the PSLRA's prerequisites, they should be appointed Co-Lead Plaintiffs

5   pursuant to 15 U.S.C. § 78u4(a)(3)(B).

6               **c.    Movants Otherwise Satisfy Rule 23**

7   According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial

8   interest in the outcome of the litigation, the Lead Plaintiff must also "'otherwise satisf[y] the

9   requirements of Rule 23 of the Federal Rules of Civil Procedure.'"  *See In re Cavanaugh*, 306

10  F.3d at 730. Rule 23(a) provides that a party may serve as a class representative if the following

11  four requirements are satisfied:

12      (1) the class is so numerous that joinder of all members is impracticable;

13      (2) there are questions of law or fact common to the class;

14      (3) the claims or defenses of the representative parties are typical of the claims or
        defenses of the class; and

15

16      (4) the representative parties will fairly and adequately protect the interests of the
        class.

17
18  Fed. R. Civ. P. 23(a).

19  Of the four prerequisites to class certification, only two -- typicality and adequacy --

20  directly address the personal characteristics of the class representative. *Richardson v. TVIA, Inc.*,

21  No. C 06 06304 RMWC, 2007 WL 1129344, *5-*6 (N.D. Cal. Apr 16, 2007). Consequently, in

22  deciding a motion for Lead Plaintiff, the Court should limit its inquiry to the typicality and

23  adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the

24  motion for class certification. *See id.; see also Lax v. First Merchs. Acceptance Corp.*, 1997

25  U.S. Dist. LEXIS 11866, at *20 (N.D. Ill. August 11, 1997); *Fischler v. Amsouth*

26  *Bancorporation*, No. 96-1567-CIV-T-17A, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb.

27  6, 1997); *Pirelli Armstrong Tire Corp.*, 229 F.R.D. at 412. As detailed below, Movants satisfy

28

| MEMO OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE, APPOINT AS CO-LEAD PLAINTFFS AND APPROVE CO-LEAD COUNSEL | - 6 - | CASE NO.  08-cv-1115-DMS -WMC |
|---|---|---|

DOCS\440640v1

1  both the typicality and adequacy requirements of Rule 23, thereby further justifying their

2  appointment as Lead Plaintiffs.

3  **(1)    Movants Fulfill the Typicality Requirements**

4  Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical

5  of those of the class. Plaintiffs satisfy the "typicality" requirement if their claims or defenses "are

6  reasonably co-extensive with those of absent class members; they need not be identical."

7  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir.1998).  *See also Pirelli Armstrong Tire*

8  *Corp.*, 229 F.R.D. at 412; *Philips v. Joint Legislative Comm. on Performance & Expenditure*

9  *Review*, 637 F.2d 1014, 1024 (5th Cir. 1981). Typicality does not require that there be no factual

10  differences between the class representatives and the class members because it is the generalized

11  nature of the claims asserted that determines whether the class representatives are typical, 118

12  F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need

13  not show substantial identity between their claims and those of absent class members, but need

14  only show that their claims arise from the same course of conduct that gave rise to the claims of

15  the absent [class] members") (citation omitted). Since the plaintiffs seek to prove that Defendants

16  "committed the same unlawful acts in the same method against an entire class . . . all members of

17  this class have identical claims . . . . [t]herefore, the certification of the suit as a class action

18  satisfied the requirements of Rule 23(a)(3)."  *Kennedy v. Tallant*, 710 F.2d 711,717 (11th Cir.

19  1983).

20  Movants seek to represent a class of purchasers of Bank of America ARS that have

21  virtually identical, non-competing and non-conflicting interests. Movants satisfy the typicality

22  requirement because, as with all other Class members, they: (1) purchased or otherwise acquired

23  Bank of America ARS during the Class period set out in the complaint; (2) purchased or

24  otherwise acquired Bank of America ARS as a result of the same allegedly materially false and

25  misleading statements and/or omissions; and (3) suffered economic loss thereby when the market

26  for ARS collapsed and the ARS became illiquid. Thus, Movants' claims are typical of those of

27

28

| MEMO OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE, APPOINT AS CO-LEAD PLAINTFFS AND APPROVE CO-LEAD COUNSEL | - 7 - | CASE NO.  08-cv-1115-DMS -WMC |

DOCS\440640v1

1   other Class members since their claims and the claims of other Class members are identical or

2   substantially similar and arise out of the same course of events.

3                              **(2)        Movants Fulfill the Adequacy Requirement**

4           To fulfill the "adequacy" requirement, the lead plaintiff must demonstrate the ability to

5   fairly and adequately protect the interests of the class. Fed. Rule Civ. P. 23(a). To establish this,

6   Movants must demonstrate that they have no interests in conflict with other class members and

7   the ability, with counsel, to vigorously prosecute the action. *See Hanlon*, 150 F.3d at 1020.

8   Thus the standard for adequacy is met if it appears that (1) the named plaintiff has interests in

9   common with, and not antagonistic to, the class's interests; and (2) the plaintiff's attorneys are

10  qualified, experienced and generally able to vigorously conduct the litigation. *See, e.g.,*

11  *Kirkpatrick v. J. C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir. 1987); *see also In re GMC*

12  *Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 800 (3d Cir. 1995); *Babcock*, 212

13  F.R.D. at 131 (citation omitted).

14          As detailed above, Movants are adequate representatives of the class because they share

15  common questions of law and fact with the members of the class and their claims are typical of

16  the claims of other class members. As evidenced by the injury suffered by Movants, who

17  acquired their ARS from defendants during the class period pursuant to defendants material

18  misstatements and omissions, the interests of Movants are aligned with the interests of the

19  members of the class, and there is no evidence of any antagonism.

20          Further, Movants took significant steps demonstrating that they will continue to protect

21  the interests of the Class: they executed certifications detailing their class period transactions and

22  expressing their willingness to serve as Co-Lead Plaintiffs; they moved this Court to be

23  appointed as Co-Lead Plaintiffs in this action; and they retained competent and experienced

24  counsel who, as shown below, will vigorously conduct this complex litigation in a professional

25  and efficient manner. See generally Lax, 1997 U.S. Dist. LEXIS 11866, at *21-25.

26

27

28

**B.    THE COURT SHOULD APPROVE MOVANTS' CHOICE OF MILBERG AND SHOHET AS CO-LEAD COUNSEL OF THE SECURITIES ACTIONS PURSUANT TO THE PSLRA AND AS INTERIM CO-LEAD COUNSEL OF THE IAA CLAIMS UNDER RULE 23G**

**1.    Milberg and Shohet Satisfy the Requirements Of the PSLRA**

Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class. The Court should not disturb the Lead Plaintiffs' choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  *See also In re Cavanaugh*, 306 F.3d 726.  Movants selected and retained Milberg and Shohet to serve as Co-Lead Counsel for the class.

Both firms are highly regarded and experienced in prosecuting complex and class action litigation with a well-known record of success pursuing financial, accounting, and securities fraud matters.  *See* Westerman Decl., Exs. D and E.  Thus, the Court may be assured that by approving Movants' choice of Co-Lead Counsel, the class will receive the highest caliber of legal representation.

In addition, Milberg often takes a leading role in pursuing securities fraud class action claims on behalf of injured investors.  This past year, the firm was ranked number one for recoveries which totaled approximately $3,804,625,000.   *See* http://slw.riskmetrics.com/ 2008/03/the_scas_50_for_2007.html.

In the past two years alone, Milberg successfully settled and received preliminary and/or final approval for settlement in many complicated representative actions. For example, on December 26, 2006, Milberg settled a case against Nortel Networks Corp. for cash and stock valued at $1.32 billion.  *In re Nortel Networks Corp. Sec. Litig.*, No. 01-CV-1855 (S.D.N.Y. filed Mar. 2, 2001) (Berman, J.).  In June 16, 2006, Milberg achieved settlement and final approval of settlement with KPMG for $225 million.  *Simon v. KPMG LLP*, No. 05-CV-03189 (D.N.J. filed June 24, 2005).  On January 10, 2007, Milberg received final court approval of a settlement with Sears for $215 million.  *In re Sears, Roebuck & Co. Sec. Litig.*, No. 02-CV-7527 (N.D. Ill. filed Oct. 18, 2002). In September 2007, Milberg settled the *CMS Energy* securities litigation for $200

1  million. *Green v. CMS Energy Corp.*, No. 02-CV-72004 (E.D. Mich. filed May 17, 2002). And

2  just recently, Judge Lynch preliminarily approved a settlement with Biovail Corporation for

3  $138 million where Milberg is co-lead counsel. *In re Biovail Corp. Sec. Litig.*, No. 03-cv-8917-

4  GEL (S.D.N.Y. filed Nov. 12, 2003).

5      Significantly, on December 19, 2007, Judge Paul Barbadoro of the District of New

6  Hampshire granted final approval of a $3.2 billion settlement of investor claims involving Tyco

7  International, Ltd. Milberg was Co-Lead counsel for plaintiffs in the Tyco litigation and worked

8  to achieve the largest cash payment ever made by a corporate defendant in the history of U.S.

9  securities litigation, and the second-largest auditor settlement in securities class action history. In

10  re Tyco Sec. Litig., No. 02-md-01335 (D.N.H. filed Aug. 23, 2002).

11      In sum, Milberg and Shohet are well-established and successful law firms that have the

12  resources necessary to pursue a case of this magnitude. Both firms have a proven track record of

13  managing securities litigation and will dedicate the resources necessary to represent zealously the

14  interests of the class members.

15  **III.  <u>CONCLUSION</u>**

16      For the reasons stated above, Movants satisfy the requirements of the PSLRA and are the

17  most adequate plaintiffs in this action, and should be appointed Co-Lead Plaintiffs pursuant to 15

18  U.S.C. § 78u-4(a)(3)(B). As the most adequate plaintiffs, Movants respectfully request that the

19  Court (i) consolidate any related actions filed in or transferred to this District for all purposes

20  pursuant to Fed. R. Civ. P. 42(a); (ii) appoint Movants as Co-Lead Plaintiffs pursuant to the

21  PSLRA; (iii) approve Movants' selection of Milberg and Shohet as Co-Lead Counsel in this

22  action and in any subsequently filed and/or related cases; and (iv) grant such other and further

23  relief as the Court may deem just and proper.

24   Dated: July 21, 2008                    MILBERG LLP
                                            JEFF S. WESTERMAN
25

26

27                                          */s/ Jeff S. Westerman*
                                            _____
28                                          JEFF S. WESTERMAN

| MEMO OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE, APPOINT AS CO-LEAD PLAINTFFS AND APPROVE CO-LEAD COUNSEL | - 10 - | CASE NO.  08-cv-1115-DMS -WMC |

DOCS\440640v1

One California Plaza
300 South Grand Avenue, Suite 3900
Los Angeles, CA 90071-3172
Telephone: (213) 617-1200
Facsimile:  (213) 617-1975
Email:  jwesterman@milberg.com

MILBERG LLP
Jerome M. Congress
Kent A. Bronson
One Pennsylvania Plaza, 49th Floor
New York, NY  10119
Telephone: (212) 594-5300
E-mail:  jcongress@milberg.com
                kbronson@milberg.com

LAW OFFICES OF GEORGE A. SHOHET,
  A Professional Corporation
GEORGE A. SHOHET
245 Main Street, Suite 310
Venice, CA 90291
(310) 452-3176
E-mailgeorgeshohet@gmail.com

*Proposed Lead Counsel*

| MEMO OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE, APPOINT AS CO-LEAD PLAINTFFS AND APPROVE CO-LEAD COUNSEL | - 11 - | CASE NO.  08-cv-1115-DMS -WMC |

DOCS\440640v1

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.    That declarant is and was, at all times herein mentioned, employed in the County of Los Angeles, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is One California Plaza, 300 South Grand Avenue, Suite 3900, Los Angeles, California 90071-3149.

2.    That on July 21, 2008, declarant served the MEMORANDUM OF LAW IN SUPPORT OF MOTION OF HANOCH BEN-TAL, AS TRUSTEE FOR THE BEN-TAL FAMILY TRUST, AND ARIC A. STREIT AND MARY STREIT, AS TRUSTEES FOR THE BENEFIT OF THE STREIT LIVING TRUST, FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF CO-LEAD PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL by depositing a true copy thereof in a United States mailbox at Los Angeles, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.    That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 21st day of July, 2008, at Los Angeles, California.

_____
ANN MARIE GENOVESE

1
2

*Bank of America Corporation*
**Service List**

3

___*Plaintiffs Counsel:*___

4

5

Jeff S. Westerman
**Milberg LLP**
300 South Grand Ave., Suite 3900
Los Angeles, CA  90071
Telephone: (213) 617-1200
Facsimile: (213) 617-1975
Email: jwesterman@milberg.com

George A. Shohet
**Law Offices of George A. Shohet,
A Professional Corporation**
245 Main Street, Suite 310
Venice, CA  90291
Telephone: (310) 452-3176
Email: georgeshohet@gmail.com

6
7
8
9

JEROME M. CONGRESS
KENT A. BRONSON
**Milberg LLP**
One Pennsylvania Plaza, 49th Floor
New York, NY 10119
Telephone: (212) 594-5300
Email: jcongress@milberg.com
          kbronson@milberg.com

Norman E. Siegel
**Stueve Siegel Hanson LLP**
460 Nichols Road, Suite 200
Kansas City, MO  64112
Telephone: (816) 714-7100
Facsimile: (816) 714) 7101
Email: siegel@stuevesiegel.com

10
11
12
13
14

Christopher S. Seeger
Steven A. Weiss
David R. Buchanan
**Seeger Weiss LLP**
One William Street
New York, NY  10004
Telephone: (212) 584-0700
Facsimile: (212) 584-0799
Email: cseeger@seegerweiss.com
          sweiss@seegerweiss.com
          dbuchanan@seegerweiss.com

Eileen L. McGeever
**Rushall & McGeever**
6100 Innovation Way
Carlsbad, CA  92009
Telephone: (760) 438-6855
Facsimile: (760) 438-3026
Email: RM@rushallmcgeever.com

15
16
17
18
19
20
21

Shawn Khorrami
**Khorrami Pollard & Abir LLP**
444 S. Flower Street, 33rd Floor
Los Angeles, CA  90071
Telephone: (213) 596-6000
Facsimile: (213) 596-6010
Email:  SKhorrami@kpalawyers.com

Daniel C. Girard
Jonathan K. Levine
**Girard Gibbs LLP**
601 California Street, 14th Floor
San Francisco, CA  94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: dcg@girardgibbs.com
          jkl@girardgibbs.com

22
23
24
25
26
27
28

| MEMO OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE, APPOINT AS CO-LEAD PLAINTFFS AND APPROVE CO-LEAD COUNSEL | - 13 - | CASE NO.  08-cv-1115-DMS -WMC |

DOCS\440640v1

1

***Defendants Counsel:***

2  Debra S. Belaga
   Aaron M. Rofkahr

3  **O'MELVENY & MYERS LLP**
   Embarcadero Center West

4  275 Battery Street, Ste. 2600
   San Francisco, CA  94111-3305

5  Telephone: (415) 984-8700

6  Facsimile: (415) 984-8701
   Email: dbelaga@omm.com

7           arofkahr@omm.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| MEMO OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE, APPOINT AS CO-LEAD PLAINTFFS AND APPROVE CO-LEAD COUNSEL | - 14 - | CASE NO.  08-cv-1115-DMS -WMC |
|---|---|---|

DOCS\440640v1

1  JEFF S. WESTERMAN (SBN 94559)
   jwesterman@milberg.com
2  MILBERG LLP
   One California Plaza
3  300 South Grand Avenue, Suite 3900
   Los Angeles, CA 90071
4  Telephone: (213) 617-1200
   Facsimile:  (213) 617-1975
5
   JEROME M. CONGRESS
6  jcongress@milberg.com
   KENT A. BRONSON
7  kbronson@milberg.com
   MILBERG LLP
8  One Pennsylvania Plaza, 49th Floor
   New York, NY 10119
9  Telephone: (212) 594-5300

10  GEORGE A. SHOHET (SBN 112697)
    georgeshohet@gmail.com
11  LAW OFFICES OF GEORGE A. SHOHET,
       A PROFESSIONAL CORPORATION
12  245 Main Street, Suite 310
    Venice, CA  90291
13  Telephone: (310) 452-3176

14  *Proposed Lead Counsel*

15              UNITED STATES DISTRICT COURT

16            SOUTHERN DISTRICT OF CALIFORNIA

17  SUMNER D. BEARMAN, Individually And    )    CASE NO. 08-cv-1115-DMS -WMC
    On Behalf of All Others Similarly Situated,  )
18                                         )    DECLARATION OF JEFF S. WESTERMAN
                            Plaintiffs,    )    IN SUPPORT OF MOTION OF HANOCH
19                                         )    BEN-TAL, AS TRUSTEE FOR THE BEN-
                        v.                 )    TAL FAMILY TRUST, AND ARIC A.
20                                         )    STREIT AND MARY STREIT, AS
    BANK OF AMERICA CORPORATION,           )    TRUSTEES FOR THE BENEFIT OF THE
21  BANC OF AMERICA INVESTMENT             )    STREIT LIVING TRUST, FOR
    SERVICES, INC., and BANC OF AMERICA    )    CONSOLIDATION, APPOINTMENT AS
22  SECURITIES, LLC,                       )    CO-LEAD PLAINTIFFS AND APPROVAL
                                           )    OF CO-LEAD PLAINTIFFS' SELECTION
23                          Defendants.    )    OF CO-LEAD COUNSEL
                                           )
24                                         )    DATE:        TBD
                                           )    TIME:        TBD
25                                         )    CTRM:        10
                                           )    JUDGE:       Dana M. Sabraw
26  _____ )

27

28  _____
         JEFF S. WESTERMAN'S DECLARATION IN SUPPORT OF MOTION TO CONSOLIDATE,
           APPOINT AS CO-LEAD PLAINTIFFS AND APPROVE CO-LEAD COUNSEL
    DOCS\440649v1

1    I, Jeff S. Westerman, under penalties of perjury, hereby declare:

2    1.    I am a member of Milberg LLP.  I submit this declaration in support of the

3  Motion of Hanoch Ben-Tal, as Trustee for the Ben-Tal Family Trust, and Aric A. Streit and

4  Mary Streit, as Trustees for the Benefit of The Streit Living Trust ("Movants"), For

5  Consolidation, Appointment as Co-Lead Plaintiffs and Approval of Co-Lead Plaintiffs' Selection

6  of Co-Lead Counsel.

7    2.    Attached hereto as Exhibit A is a true and accurate copy of the PSLRA

8  certifications of Hanoch Ben-Tal, as Trustee for the Ben-Tal Family Trust.

9    3.    Attached hereto as Exhibit B is a true and accurate copy of the PSLRA

10 certifications of Aric A. Streit and Mary Streit, as trustees for the benefit of The Streit Living

11 Trust.

12    4.    Attached hereto as Exhibit C is a true and correct copy of the PSLRA notice

13 published by counsel for plaintiffs in the first-filed action on *Business Wire* on May 22, 2008.

14    5.    Attached hereto as Exhibit D is the firm résumé of Milberg LLP.

15    6.    Attached hereto as Exhibit E is the firm résumé of the Law Offices of George A.

16 Shohet, A Professional Corporation.

17 Dated:  July 21, 2008                          */s/ Jeff S. Westerman*

18                                                  JEFF S. WESTERMAN

19

20

21

22

23

24

25

26

27

28 | JEFF S. WESTERMAN'S DECLARATION IN SUPPORT OF MOTION TO CONSOLIDATE, APPOINT AS CO-LEAD PLAINTFFS AND APPROVE CO-LEAD COUNSEL | - 1 - | CASE NO.  08-cv-1115-DMS -WMC |

DOCS\440649v1

# EXHIBIT A

## CERTIFICATION OF PLAINTIFF

Hanoch Ben-Tal as Trustee for the benefit of the Ben-Tal Family Trust do hereby certify that:

1. I reviewed the complaint in *Bondar v. Bank of America Corporation, et al.*, Case No. C 08-02599 JSW (N.D. Cal., filed May 22, 2008) and authorize Milberg LLP and Law Offices of George A. Shohet, A Professional Corporation, to act on my behalf in this matter in applying for Lead Plaintiff status and for all other purposes.

2. I did not acquire the securities that are the subject of this action at the direction of plaintiffs' counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. I am willing to serve as a representative party who acts on behalf of a class in directing and supervising the action, either individually or as part of a group, including as a Lead Plaintiff, a named plaintiff, and/or as a class representative, and I understand that my duties as such may include, among other things, providing testimony at deposition and trial, if necessary.

4. I represent and warrant that I am authorized to execute this Certification on behalf of the purchasers of the subject securities described herein (including, as the case may be, myself, any co-owners, any corporations or other entities, and/or any beneficial owners).

5. I will not accept any payments for serving as a representative party on behalf of the class beyond the purchaser's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

6. I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is unaffected by my decision to serve as a representative party.

7. I list below all of my transactions in Auction Rate Securities purchased through Bank of America Corporation, Banc of America Investment Services, Inc., and Banc of America Securities, LLC (collectively, "Bank of America") during the Class Period set forth in the complaint:

| Description | Transaction | Transaction Date | Price |
|---|---|---|---|
| See Attached Schedule A | | | |
| | | | |

These securities were acquired or held in (check all that apply):

X  General (non-retirement account)          ❑  Merger/acquisition/distribution          ❑  Gift
❑  IRA                                        ❑  Employer-sponsored plan (401k, 403b, etc.)

8. During the three years prior to the date of this Certification, I have not sought to serve and I have not served as a representative party for a class in an action filed under the federal securities laws except as described below (if any):

I declare under penalty of perjury, under the laws of the United States, that the information entered is accurate.

Executed this 18 th day of July, 2008

Signature -     Hanoch Ben-Tal
                Trustee for the benefit of the
                Bental Family Trust

2

## CERTIFICATION OF PLAINTIFF

Hanoch Ben-Tal as Trustee for the benefit of the Ben-Tal Family Trust do hereby certify that:

1. I reviewed the complaint in *Bearman v. Bank of America Corporation, et al.*, Case No. 3:08-cv-01115-DMS-WMC (S.D. Cal., filed June 23, 2008) and authorize Milberg LLP and Law Offices of George A. Shohet, A Professional Corporation, to act on my behalf in this matter in applying for Lead Plaintiff status and for all other purposes.

2. I did not acquire the securities that are the subject of this action at the direction of plaintiffs' counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. I am willing to serve as a representative party who acts on behalf of a class in directing and supervising the action, either individually or as part of a group, including as a Lead Plaintiff, a named plaintiff, and/or as a class representative, and I understand that my duties as such may include, among other things, providing testimony at deposition and trial, if necessary.

4. I represent and warrant that I am authorized to execute this Certification on behalf of the purchasers of the subject securities described herein (including, as the case may be, myself, any co-owners, any corporations or other entities, and/or any beneficial owners).

5. I will not accept any payments for serving as a representative party on behalf of the class beyond the purchaser's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

6. I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is unaffected by my decision to serve as a representative party.

7. I list below all of my transactions in Auction Rate Securities purchased through Bank of America Corporation, Banc of America Investment Services, Inc., and Banc of America Securities, LLC (collectively, "Bank of America") during the Class Period set forth in the complaint:

| Description | Transaction | Transaction Date | Price |
|---|---|---|---|
| See Attached Schedule A | | | |
| | | | |

These securities were acquired or held in (check all that apply):

X General (non-retirement account)  ❑ Merger/acquisition/distribution  ❑ Gift
❑ IRA  ❑ Employer-sponsored plan (401k, 403b, etc.)

8. During the three years prior to the date of this Certification, I have not sought to serve and I have not served as a representative party for a class in an action filed under the federal securities laws except as described below (if any):

I declare under penalty of perjury, under the laws of the United States, that the information entered is accurate.

Executed this 21 day of July, 2008

Signature -    H Ben
Hanoch Ben-Tal
Trustee for the benefit of the
Bental Family Trust

### CERTIFICATION OF PLAINTIFF

Hanoch Ben-Tal as Trustee for the benefit of the Ben-Tal Family Trust do hereby certify that:

1. I reviewed the Complaint I am filing and authorize Milberg LLP and Law Offices of George A. Shohet, A Professional Corporation, to act on my behalf in this matter in applying for Lead Plaintiff status and for all other purposes.

2. I did not acquire the securities that are the subject of this action at the direction of plaintiffs' counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. I am willing to serve as a representative party who acts on behalf of a class in directing and supervising the action, either individually or as part of a group, including as a Lead Plaintiff, a named plaintiff, and/or as a class representative, and I understand that my duties as such may include, among other things, providing testimony at deposition and trial, if necessary.

4. I represent and warrant that I am authorized to execute this Certification on behalf of the purchasers of the subject securities described herein (including, as the case may be, myself, any co-owners, any corporations or other entities, and/or any beneficial owners).

5. I will not accept any payments for serving as a representative party on behalf of the class beyond the purchaser's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

6. I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is unaffected by my decision to serve as a representative party.

7. I list below all of my transactions in Auction Rate Securities purchased through Bank of America Corporation, Banc of America Investment Services, Inc., and Banc of America Securities, LLC (collectively, "Bank of America") during the Class Period set forth in the Complaint:

| Description | Transaction | Transaction Date | Price |
|---|---|---|---|
| See Attached Schedule A | | | |
| | | | |

These securities were acquired or held in (check all that apply):

X General (non-retirement account)    ❑ Merger/acquisition/distribution    ❑ Gift
❑ IRA    ❑ Employer-sponsored plan (401k, 403b, etc.)

8. During the three years prior to the date of this Certification, I have not sought to serve and I have not served as a representative party for a class in an action filed under the federal securities laws except as described below (if any):

I declare under penalty of perjury, under the laws of the United States, that the information entered is accurate.

Executed this 18th day of July, 2008

Signature - _H. Ben-Tal_
            Hanoch Ben-Tal
            Trustee for the benefit of the
            Bental Family Trust

4

| Ben-Tal Family Trust | | | | |
|---|---|---|---|---|
| Schedule A | | | | |
| | | | | |
| | | | | |
| **PURCHASES:** | | | | |
| | | | | |
| SECURITY | CUSIP | TRADE/ SETTLEMENT DATE | TOTAL FACE VALUE | |
| | | | | |
| MISSOURI HIGHER ED LN AUTH STUDENT LN 00.00000% 07/01/2032 REV TAXABLE ARCS SER. 2002 E @100 | 606072GU4 | 06/08/06 | 200,000 | |
| SLM STUDENT LOAN TR SER 2003-2 CL A6 VAR RATE 09/15/2028@100 | 78442GFT8 | 06/12/06 | 200,000 | |
| NORTHSTAR GUARANTEE INC DIV B MINN 00.000000% 04/01/2042 STUDENT LN ASSET BKD BDS SER 2002 A-5 @ 100.00 | 66704JAJ7 | 06/16/06 | 200,000 | |
| NEWPORT BEACH CALIF REV ARS REV BDS HOAG 00.00000% 07/01/2032 REV TAXABLE ARCS SER. 2002 E @100 | 651785AL1 | 09/11/07 | 1,030,000 | |
| CALIFORNIA INFRASTRUCTURE 00.00000% 0701/2034 ECONOMIC DEV BK REV REV BDS ORANGE CNTY PERFORMING ARTS CTR @ 100 | 13033WN72 | 09/20/07 | 550,000 | |
| OAKLAND CALIF JT PWRS FING AUTH LEASE 00.00000% 0801/2026 REV REF BDS OAKLAND ADMINISTRATION BLDG SER. 2004 A-1 @ 100 | 67227WBU8 | 10/11/07 | 575,000 | |
| OAKLAND CALIF JT PWRS FING AUTH LEASE 00.00000% 8/1/20/26 REV BDS OAKLAND ADMINISTRATION BLDG SER. 2004 A-2 @ 100 | 67227WBV6 | 10/11/07 | 825,000 | |
| NEWPORT BEACH CALIF REV ARS REV BDS HOAG 00.00000% 07/01/2032 REV TAXABLE ARCS SER. 2002 E @100 | 651785AL1 | 10/11/07 | 150,000 | |
| RIVERSIDE CALIF CTFS PARTN ARS COPS VAR 00.00000% 03/01/2037 CAP IMPT PROJS SER. 2007 A @ 100 | 768861FZ4 | 10/12/2007 | 750,000 | |
| CALIFORNIA INFRASTRUCTURE & 00.00000% 07/01/2034 ECONOMIC DEB BK REB ARS SECURITIES ORANGE @ 100 | 13033WXR9 | 10/26/07 | 950,000 | |
| CALIFORNIA EDL FACS AUTH REV ARS REV BDS 00.00000% 10/01/2026 CHAPMAN UNIVERSITY 2005 SERIES B @ 100 ST | 1301757L0 | 12/07/07 | 200,000 | |
| CALIFORNIA EDL FACS AUTH REV ARS REV BDS 00.00000% 10/01/2026 CHAPMAN UNIVERSITY 2005 A @ 100 ST | 1301757V8 | 12/20/07 | 440,000 | |
| OKLAHOMA ST STUDENT LN AUTH REV REV BDS 00.00000% 06/01/2030 SER. 2000 A-3 @100 | 679110CN4 | 12/28/07 | 900,000 | |
| MISSOURI HIGHER ED LN AUTH STUDENT LN 00.00000% 07/01/2032 REV TAXABLE ARCS SER. 2002 E @100 | 606072GU4 | 12/28/07 | 800,000 | |

| | | | | |
|---|---|---|---|---|
| NORTHSTAR GUARANTEE INC DIV B MINN 00.000000% 04/01/2042 STUDENT LN ASSET BKD BDS SER 2002 A-5 REVENUE BANK QUALIFIED MOODY'S Aaa CPN PMT MONTHLY Next Interest Payable: 02/01/08 CALLABLE ON 03/25/2008@ 100.00 | 66704JAJ7 | 01/08/08 | 1,200,000 | |
| HARRIS CNTY TEX HOSP DIST REV REF REV BDS 00.00000% 02/15/2042 SER. 2007B INSURED BY MBIA REVENUE BANK QUALIFIED MOODY'S Aaa/S&P AAA CPN PMT MONTHLY Next Interest Payable: 0215/08 CALLABLE ON 03/05/2008@100.0000 | 41415WBM3 | 01/16/08 | 800,000 | |
| NATIONAL COLLEGIATE SER 2007-3 CL A2A4 06.50000% 12/26/2025 STUDENT LOAN TRUST @ 100 ST | 63544DAD4 | 01/17/08 | 750,000 | |
| EDINVEST CO SER 2004-1CL A1 0.000% 06/01/2040 VAR RATE MOODY'S Aaa CPN PMT MONTHLY NEXT INTEREST PAYABLE 7/2/08 VARIABLE COUPON FACTOR 1.00 | 280850AC2 | 01/17/08 | 700,000 | |
| MISSISSIPPI HIGHER ED ASSISTANCE CORP 00.00000% 09/01/2035% STUDENT LN REV VAR REV BDS SER 2005 A-5 REVENUE BANK QUALIFIED MOODY'S Aaa CPN PMT MONTHLY | 605354EW5 | 01/17/08 | 700,000 | |
| PANHANDLE-PLAINS TEX HIGHER ED AUTH INC 00.000000% 1/1/2040 STUDENT LN REV AUCTION RATE REV BDS SERIES A-2 REVENUE MOODY'S Aaa CPN PMT | 698476DX3 | 01/17/08 | 600,000 | |
| CALIFORNIA EDL FACS AUTH REV VAR REV BDS 00.00000% 10/01/2034 LOYOLA MARYMOUNT UNIV @ 100 ST | 130175P48 | 01/17/08 | 650,000 | |
| CALIFORNIA EDL FACS AUTH REV ARS REV BDS 00.00000% 10/01/2043 ST MARY COLLEGE OF CALIFORNIA SER 2007 @ 100 ST | 130178JT4 | 01/17/08 | 375,000 | |
| OAKLAND CALIF JT PWRS FING AUTH LEASE 00.00000% 08/01/2026 REV REF BDS OAKLAND ADMINISTRATION BLDG SER. 2004 A-1 @ 100 | 67227WBU8 | 02/06/08 | 500,000 | |
| NEWPORT BEACH CALIF REV ARS REV BDS HOAG 00.00000% 12/01/2040 MEM HOSP PRESBYTERIAN SER. 2007B @100 | 651785AM9 | 02/06/08 | 775,000 | |
| RIVERSIDE CALIF CTFS PARTN ARS COPS VAR 00.00000% 03/01/2037 CAP IMPT PROJS SER. 2007 A @ 100 | 768861FZ4 | 2/6/2008 | 200,000 | |
| SANTA CLARA VY CALIF TRANSN AUTH SALES 00.00000% 04/01/2036 TAX REV AUCTION RATE SECURITIES 2000 MEASURE A 2006 @100 | 80168N | 02/06/08 | 800,000 | (1) |
| | | | | |
| (1) PARTIAL CUSIP LISTED FOR SANTA CLARA VY CALIF TRANSN AUTH SALES TAX REV AUCTION RATE SECURITIES. | | | | |

| SALES/REDEMPTIONS: | | | |
| --- | --- | --- | --- |
| SECURITY | CUSIP | TRADE/ SETTLEMENT DATE | TOTAL FACE VALUE |
| MISSOURI HIGHER ED LN AUTH STUDENT LN 00.00000% 07/01/2032 REV TAXABLE ARCS SER. 2002 H @100 | 606072GU4 | 08/31/06 | (200,000) |
| NORTHSTAR GUARANTEE INC DIV B MINN 00.000000% 04/01/2042 STUDENT LN ASSET BKD BDS SER 2002 A-5 @ 100.00 | 66704JAJ7 | 09/08/06 | (200,000) |
| SLM STUDENT LOAN TR SER 2003-2 CL A6 VAR RATE 09/15/2028@100 | 78442GFT8 | 09/29/06 | (200,000) |
| CALIFORNIA EDL FACS AUTH REV VAR REV BDS 00.00000% 10/01/2034 LOYOLA MARYMOUNT UNIV @ 100 ST | 130175P48 | 09/27/07 | (25,000) |
| OAKLAND CALIF JT PWRS FING AUTH LEASE 00.00000% 8/1/20/26 REV BDS OAKLAND ADMINISTRATION BLDG SER. 2004 A-2 @ 100 | 67227WBV6 | 12/20/07 | (825,000) |
| CALIFORNIA INFRASTRUCTURE & 00.00000% 07/01/2034 ECONOMIC DEB BK REB ARS SECURITIES ORANGE @ 100 | 13033WXR9 | 12/28/07 | (950,000) |
| RIVERSIDE CALIF CTFS PARTN ARS COPS VAR 00.00000% 03/01/2037 CAP IMPT PROJS SER. 2007 A @ 100 | 768861FZ4 | 12/28/2007 | (750,000) |
| NEWPORT BEACH CALIF REV ARS REV BDS HOAG 00.00000% 07/01/2032 REV TAXABLE ARCS SER. 2002 E @100 | 651785AL1 | 01/08/08 | (1,180,000) |
| MISSISSIPPI HIGHER ED ASSISTANCE CORP 00.00000% 09/01/2035% STUDENT LN REV VAR REV BDS SER 2005 A-5 REVENUE BANK QUALIFIED MOODY'S Aaa CPN PMT MONTHLY Next interest Payable: 02/06/2008 @100.00 | 605354EW5 | 01/17/08 | (700,000) |
| MISSOURI HIGHER ED LN AUTH STUDENT LN 00.00000% 07/01/2032 REV TAXABLE ARCS SER. 2002 E @100 | 606072GU4 | 01/17/08 | (800,000) |
| OAKLAND CALIF JT PWRS FING AUTH LEASE 00.00000% 0801/2026 REV REF BDS OAKLAND ADMINISTRATION BLDG SER. 2004 A-1 @ 100 | 67227WBU8 | 01/17/08 | (575,000) |
| CALIFORNIA EDL FACS AUTH REV VAR REV BDS 00.00000% 10/01/2034 LOYOLA MARYMOUNT UNIV @ 100 ST | 130175P48 | 01/17/08 | (625,000) |
| CALIFORNIA EDL FACS AUTH REV ARS REV BDS 00.00000% 10/01/2026 CHAPMAN UNIVERSITY 2005 SERIES B @ 100 ST | 1301757L0 | 01/17/08 | (200,000) |
| CALIFORNIA EDL FACS AUTH REV ARS REV BDS 00.00000% 10/01/2026 CHAPMAN UNIVERSITY 2005 A @ 100 ST | 1301757V8 | 01/17/08 | (440,000) |
| CALIFORNIA EDL FACS AUTH REV ARS REV BDS 00.00000% 10/01/2043 ST MARY COLLEGE OF CALIFORNIA SER 2007 @ 100 ST | 130178JT4 | 01/17/08 | (375,000) |

| | | | | |
|---|---|---|---|---|
| CALIFORNIA INFRASTRUCTURE 00.00000% 0701/2034 ECONOMIC DEV BK REV REV BDS ORANGE CNTY PERFORMING ARTS CTR @ 100 | 13033WN72 | 01/17/08 | (550,000) | |
| NATIONAL COLLEGIATE SER 2007-3 CL A2A4 06.50000% 12/26/2025 STUDENT LOAN TRUST @ 100 ST | 63544DAD4 | 01/30/08 | (750,000) | |
| HARRIS CNTY TEX HOSP DIST REV REF REV BDS 00.00000% 02/15/2042 SER. 2007B INSURED BY MBIA REVENUE BANK QUALIFIED MOODY'S Aaa/S&P AAA CPN PMT MONTHLY Next Interest Payable: 0215/08 CALLABLE ON 03/05/2008@100.0000 | 41415WBM3 | 02/06/08 | (800,000) | |
| RIVERSIDE CALIF CTFS PARTN ARS COPS VAR 00.00000% 03/01/2037 CAP IMPT PROJS SER. 2007 A @ 100 ST | 768861FZ4 | 2/20/2008 | (200,000) | |
| SANTA CLARA VY CALIF TRANSN AUTH SALES 00.00000% 04/01/2036 TAX REV AUCTION RATE SECURITIES 2000 MEASURE A 2006 @ 100 | 80168N | 02/20/08 | (800,000) | (1) |
| NEWPORT BEACH CALIF REV ARS REV BDS HOAG 00.00000% 12/01/2040 MEM HOSP PRESBYTERIAN SER. 2007B @100 | 651785AM9 | 03/05/08 | (775,000) | |
| OAKLAND CALIF JT PWRS FING AUTH LEASE 00.00000% 08/01/2026 REV REF BDS OAKLAND ADMINISTRATION BLDG SER. 2004 A-1 @ 100 | 67227WBU8 | 05/01/08 | (500,000) | |
| | | | | |
| (1) PARTIAL CUSIP LISTED FOR SANTA CLARA VY CALIF TRANSN AUTH SALES TAX REV AUCTION RATE SECURITIES. | | | | |

## AUCTION RATE SECURITIES PURCHASED THROUGH BANK OF AMERICA AND HELD AS OF JULY 21, 2008

| SECURITY | CUSIP | PURCHASE DATE | TOTAL FACE VALUE |
|---|---|---|---|
| EDINVEST CO SER 2004-1CL A1 0.000% 06/01/2040 VAR RATE MOODY'S Aaa CPN PMT MONTHLY NEXT INTEREST PAYABLE 7/2/08 VARIABLE COUPON FACTOR 1.00 | 280850AC2 | 01/17/08 | 700,000 |
| PANHANDLE-PLAINS TEX HIGHER ED AUTH INC 00.000000% 1/1/2040 STUDENT LN REV AUCTION RATE REV BDS SERIES A-2 REVENUE MOODY'S Aaa | 698476DX3 | 01/17/08 | 600,000 |
| NORTHSTAR GUARANTEE INC DIV B MINN 00.000000% 04/01/2042 STUDENT LN ASSET BKD BDS SER 2002 A-5 REVENUE BANK QUALIFIED MOODY'S Aaa | 66704JAJ7 | 01/08/08 | 1,200,000 |
| OKLAHOMA ST STUDENT LN AUTH REV REV BDS 00.00000% 06/01/2030 SER. 2000 A-3 INSURED BY MBIA REVENUE BANK QUALIFIED MOODY'S VMIG1/S&P AAA | 679110CN4 | 12/28/07 | 900,000 |

# EXHIBIT B

## CERTIFICATION OF PLAINTIFF

Mary Streit and Aric A. Streit, as Trustees for the benefit of the Streit Living Trust, each do hereby certify that:

1. I reviewed the complaint in *Bondar v. Bank of America Corporation, et al.*, Case No. C 08-02599 JSW (N.D. Cal., filed May 22, 2008) and authorize Milberg LLP and Law Offices of George A. Shohet, A Professional Corporation, to act on my behalf in this matter in applying for Lead Plaintiff status and for all other purposes.

2. I did not acquire the securities that are the subject of this action at the direction of plaintiffs' counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. I am willing to serve as a representative party who acts on behalf of a class in directing and supervising the action, either individually or as part of a group, including as a Lead Plaintiff, a named plaintiff, and/or as a class representative, and I understand that my duties as such may include, among other things, providing testimony at deposition and trial, if necessary.

4. I represent and warrant that I am authorized to execute this Certification on behalf of the purchasers of the subject securities described herein (including, as the case may be, myself, any co-owners, any corporations or other entities, and/or any beneficial owners).

5. I will not accept any payments for serving as a representative party on behalf of the class beyond the purchaser's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

6. I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is unaffected by my decision to serve as a representative party.

7. I list below all of my transactions in Auction Rate Securities purchased through Bank of America Corporation, Banc of America Investment Services, Inc., and Banc of America Securities, LLC (collectively, "Bank of America") during the Class Period set forth in the Complaint. I also list my transactions during the Class Period in which Auction Rate Securities purchased through the Bank of America were transferred to my UBS AG account:

| Description | Transaction | Transaction Date | Price |
|---|---|---|---|
| See Attached Schedule A | | | |
| | | | |

These securities were acquired or held in (check all that apply):

X General (non-retirement account)  ❑ Merger/acquisition/distribution  ❑ Gift
❑ IRA                                ❑ Employer-sponsored plan (401k, 403b, etc.)

8. During the three years prior to the date of this Certification, I have not sought to serve and I have not served as a representative party for a class in an action filed under the federal securities laws except as described below (if any):
*In re Auction Rate Securities Litigation*, Master File No. 08-cv-02967 (S.D.N.Y.) and *Aric A. Streit, et al. v. UBS AG, et al.*, No. 08-cv-5251 (S.D.N.Y., filed June 9, 2008)

I declare under penalty of perjury, under the laws of the United States, that the information entered is accurate.

Executed this 21ˢᵀ day of July, 2008

Signature - _Mary Streit_
Mary Streit
Trustee for the benefit of the
Streit Living Trust

Signature: _____
Aric A. Streit
Trustee for the benefit of the
Streit Living Trust

10

## CERTIFICATION OF PLAINTIFF

Mary Streit and Aric A. Streit, as Trustees for the benefit of the Streit Living Trust, each do hereby certify that:

1. I reviewed the complaint in *Bearman v. Bank of America Corporation, et al.*, Case No. 3:08-cv-01115-DMS-WMC (S.D. Cal., filed June 23, 2008) and authorize Milberg LLP and Law Offices of George A. Shohet, A Professional Corporation, to act on my behalf in this matter in applying for Lead Plaintiff status and for all other purposes.

2. I did not acquire the securities that are the subject of this action at the direction of plaintiffs' counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. I am willing to serve as a representative party who acts on behalf of a class in directing and supervising the action, either individually or as part of a group, including as a Lead Plaintiff, a named plaintiff, and/or as a class representative, and I understand that my duties as such may include, among other things, providing testimony at deposition and trial, if necessary.

4. I represent and warrant that I am authorized to execute this Certification on behalf of the purchasers of the subject securities described herein (including, as the case may be, myself, any co-owners, any corporations or other entities, and/or any beneficial owners).

5. I will not accept any payments for serving as a representative party on behalf of the class beyond the purchaser's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

6. I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is unaffected by my decision to serve as a representative party.

7. I list below all of my transactions in Auction Rate Securities purchased through Bank of America Corporation, Banc of America Investment Services, Inc., and Banc of America Securities, LLC (collectively, "Bank of America") during the Class Period set forth in the Complaint. I also list my transactions during the Class Period in which Auction Rate Securities purchased through the Bank of America were transferred to my UBS AG account:

| Description | Transaction | Transaction Date | Price |
|---|---|---|---|
| See Attached Schedule A | | | |
| | | | |

These securities were acquired or held in (check all that apply):

X General (non-retirement account)    ❑ Merger/acquisition/distribution    ❑ Gift
❑ IRA    ❑ Employer-sponsored plan (401k, 403b, etc.)

8. During the three years prior to the date of this Certification, I have not sought to serve and I have not served as a representative party for a class in an action filed under the federal securities laws except as described below (if any):
   *In re Auction Rate Securities Litigation*, Master File No. 08-cv-02967 (S.D.N.Y.) and *Aric A. Streit, et al. v. UBS AG, et al.*, No. 08-cv-5251 (S.D.N.Y, filed June 9, 2008)

I declare under penalty of perjury, under the laws of the United States, that the information entered is accurate.

Executed this 21ˢᵗ day of July, 2008

Signature - Mary Streit
Trustee for the benefit of the
Streit Living Trust

Signature: Aric A. Streit
Trustee for the benefit of the
Streit Living Trust

11

## CERTIFICATION OF PLAINTIFF

Mary Streit and Aric A. Streit, as Trustees for the benefit of the Streit Living Trust, each do hereby certify that:

1.  I reviewed the Complaint I am filing and authorize Milberg LLP and Law Offices of George A. Shohet, A Professional Corporation, to act on my behalf in this matter in applying for Lead Plaintiff status and for all other purposes.

2.  I did not acquire the securities that are the subject of this action at the direction of plaintiffs' counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3.  I am willing to serve as a representative party who acts on behalf of a class in directing and supervising the action, either individually or as part of a group, including as a Lead Plaintiff, a named plaintiff, and/or as a class representative, and I understand that my duties as such may include, among other things, providing testimony at deposition and trial, if necessary.

4.  I represent and warrant that I am authorized to execute this Certification on behalf of the purchasers of the subject securities described herein (including, as the case may be, myself, any co-owners, any corporations or other entities, and/or any beneficial owners).

5.  I will not accept any payments for serving as a representative party on behalf of the class beyond the purchaser's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

6.  I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is unaffected by my decision to serve as a representative party.

7.  I list below all of my transactions in Auction Rate Securities purchased through Bank of America Corporation, Banc of America Investment Services, Inc., and Banc of America Securities, LLC (collectively, "Bank of America") during the Class Period set forth in the Complaint. I also list my transactions during the Class Period in which Auction Rate Securities purchased through Bank of America were transferred to my UBS AG account:

| Description | Transaction | Transaction Date | Price |
|---|---|---|---|
| See Attached Schedule A | | | |
| | | | |

These securities were acquired or held in (check all that apply):

X General (non-retirement account)  ☐ Merger/acquisition/distribution  ☐ Gift
☐ IRA  ☐ Employer-sponsored plan (401k, 403b, etc.)

8.  During the three years prior to the date of this Certification, I have not sought to serve and I have not served as a representative party for a class in an action filed under the federal securities laws except as described below (if any):
    *In re Auction Rate Securities Litigation*, Master File No. 08-cv-02967 (S.D.N.Y.) and *Aric A. Streit, et al. v. UBS AG, et al.*, No. 08-cv-5251 (S.D.N.Y, filed June 9, 2008)

I declare under penalty of perjury, under the laws of the United States, that the information entered is accurate.

Executed this  18TH  day of July, 2008

Signature -    Mary Streit
Trustee for the benefit of the
Streit Living Trust

Signature:    Aric A. Streit
Trustee for the benefit of the
Streit Living Trust

**MARY AND ARIC STREIT**

**THE STREIT LIVING TRUST**

**SCHEDULE A**

| SECURITY | | CUSIP | TRADE DATE | TOTAL FACE VALUE |
|---|---|---|---|---|
| **PURCHASES:** | | | | |
| MISSOURI HIGHER ED LN AUTH STUDENT LN REV ARCS 2002 F COUPON VARIABLE MATURITY DATE 7/1/2032 | | 606072GS9 | 11/29/2005 | 900,000.00 |
| NELNET EDUCATION LN SER 2003-1 CL A6 COUPON VARIABLE MATURITY DATE 7/1/2043 | | 64031RAF6 | 11/29/2005 | 900,000.00 |
| UNION FINL SERVICES SER 1996-C CL A6 VAR RATE VARIABLE MATURITY DATE 7/1/2014 | | 906619AH4 | 11/29/2005 | 900,000.00 |
| ILLNOIS STUDENT ASSISTANCE COMMN STUDENT LN REV VAR BDS ISAC SR SERIES 2003 B-2 VARIABLE MATURITY DATE 3/1/2038 | | 452281GW2 | 11/30/2005 | 900,000.00 |
| BRAZOS STUDENT LN SER 2004-A2 MUNI AUT RATE NT STUDENT LN ASSET VARIABLE MATURITY DATE 3/1/2040 | | 10623PCV0 | 12/2/2005 | 1,250,000.00 |
| SOUTH CAROLINA STUDEN LN CORP ED LN REV REV BDS SER A-2 VARIABLE MATURITY DATE 6/1/2033 | | 83714RAS2 | 12/2/2005 | 1,250,000.00 |
| MISSOURI HIGHER ED LN AUTH STUDENT LN REV ARCS 2002 D VARIABLE MATURITY DATE 7/1/2032 | | 606072GQ3 | 12/5/2005 | 800,000.00 |
| EDINVEST CO SER 2004-1 CL A1 VAR RATE VARIABLE MATURITY DATE 6/1/2040 | | 280850AC2 | 12/14/2005 | 1,100,000.00 |
| NORTHSTAR GUARANTEE INC DIV B MINN STUDENT LN ARS BDS NORTHSTAR EDU FINANCE STUDENT LN ASSET BKD 2004 A-1 VARIABLE MATURITY DATE 12/1/2044 | | 66704JAL2 | 12/14/2005 | 1,050,000.00 |
| MISSISSIPPI HIGHER ED ASSISTANCE CORP STUDENT LN REV ASSET BKD NT 2004 A-3 VARIABLE MATURITY DATE 9/1/2034 | | 605354ES4 | 12/19/2005 | 1,100,000.00 |
| EDUCATIONAL FDG SOUTH INC TENN EDL LN REV REV BDS 2003 B-1 | | 28148NBM4 | 2/6/2006 | 400,000.00 |
| PANHANDLE-PLAINS TEX HIGHER ED AUTH INC STUDENT LN REV REV BDS 2004A-2 | | 698476DS4 | 3/8/2006 | 600,000.00 |

| | | | |
|---|---|---|---|
| SLM STUDENT LOAN TR SER 2003-2CL B VAR RATE | 78442GFX9 | 3/24/2006 | 300,000.00 |
| NORTH CAROLINA ST ED ASSISTANCE AUTH REV STUDENT LOAN REV BONDS 1998 F 1 | 658262CY4 | 3/29/2006 | 700,000.00 |
| VOLUNTEER ST STUDENT FDG CORP TENN EDL LN REV AUCTION RATE EDL LN REV BDS SR SER B | 928809AQ5 | 4/11/2006 | 100,000.00 |
| SLM STUDENT LN TR SER 2003-B CL A4 | 78443CAP9 | 4/26/2006 | 200,000.00 |
| COLLEGIATE FNDG SVCS SER 2003-B CL A3 | 19458LAK6 | 5/22/2006 | 50,000.00 |
| FEDERATED STUDENT SER 2003-A CL A2 | 268440AD6 | 5/31/2006 | 1,000,000.00 |
| COLLEGIATE FDG SVCS ED LN TR 2003-A STUDENT LN ASSET BKD NT CL A6 | 19458LAF7 | 6/19/2006 | 50,000.00 |
| NORTH CAROLINA ST ED ASSISTANCE AUTH REV GTD STUDENT LN REV BDS 2002 L-2 | 658262DK3 | 6/27/2006 | 100,000.00 |
| SAN DIEGO CNTY CALIF PENSION OBLIG AUCTION REV BD 2002 B-3 | 797398BU7 | 7/12/2006 | 50,000.00 |
| CALIFORNIA INFRASTRUCTURE & ECONOMIC DEV BK REV VAR RATE REV BDS CAL INDPT SYS OPERATOR CORP 2007 SERIES A | 13033WXS7 | 5/11/2007 | 1,055,000.00 |
| CALIFORNIA INFRASTRUCTURE & ECONOMIC DEV BK REV VAR RATE REV BDS CAL INDPT SYS OPERATOR CORP 2007 SERIES A | 13033WXS7 | 6/27/2007 | 525,000.00 |
| LONG BEACH CALIF UNI SCH DIST CTFS PARTN VAR COPS CAP IMPT REFING 2001 | 542436BQ2 | 6/27/2007 | 385,000.00 |
| CALIFORNIA EDL FACS AUTH REV REV BDS ST MARYS COLLEGE OF CALIFORNIA 2001 B | 130175UJ9 | 6/27/2007 | 120,000.00 |
| WESTERN PLACER CALIF UNI SCH CTFS PARTN COPS SCH FACS PROJS 2004 A | 959215AM6 | 7/2/2007 | 325,000.00 |

| | | | |
|---|---|---|---|
| LOS ANGELES CALIF CMNTY REDEV AGY MULTIFAMILY HSG REV VAR REF REV BDS PROMENADE TOWERS 2000 | 544393AT8 | 7/3/2007 | 280,000.00 |
| SAN LEANDRO CALIF MULTIFAMILY REV VAR RT DMD MULTIFAM MTG REV BDS HAAS AVENUE APTS PROJ 1985 B | 798448AC0 | 7/3/2007 | 250,000.00 |
| ABAG FIN AUTH FOR NONPROFIT CORPS CALIF REV VAR REV BDS JEWISH CMNTY CTR ORANGE 2004 | 00037CFW5 | 7/3/2007 | 175,000.00 |
| SACRAMENTO CNTY CALIF SANTN DIST FING AUTH REV VAR SUB LIEN REV BDS SACRAMENTO REGL SANITATION DIS 2000 C | 786134EQ5 | 7/3/2007 | 100,000.00 |
| CALIFORNIA EDL FACS AUTH REV VAR RATE REV BDS UNIVERSITY OF SAN FRANCISCO SERIES 2006 | 130178FA9 | 7/19/2007 | 925,000.00 |
| SANTA CLARA VY CALIF TRANSN AUTH SALES TAX REV AUCTION RATE SECURITIES 2000 MEASURE A 2006 SERIES E | 80168NBS7 | 7/19/2007 | 450,000.00 |
| CALIFORNIA INFRASTRUCTURE & ECONOMIC DEV BK REV ARS REV BDS THE COLBURN SCHOOL SERIES 2005 | 13033WXA6 | 7/27/2007 | 600,000.00 |
| NEWPORT BEACH CALIF REV ARS REV BDS HOAG MEM HOSP PRESBYTERIAN 2007E | 651785AQ0 | 8/3/2007 | 2,575,000.00 |
| NEWPORT BEACH CALIF REV ARS REV BDS HOAG MEM HOSP PRESBYTERIAN 2007E | 651785AQ0 | 8/10/2007 | 900,000.00 |
| ORANGE CNTY CALIF HSG AUTH MULTIFAMILY APT DEV REV REV BDS LANTERN PINE PJ 1997 CC | 684263AA4 | 10/1/2007 | 150,000.00 |
| CALIFORNIA ST DEPT WTR RES PWR SUPPLY REV VAR REV BDS 2005 G-5 | 13066YLP2 | 10/1/2007 | 100,000.00 |
| MISSOURI HIGHER ED LN AUTH STUDENT LN REV BDS 2004 G | 606072HQ2 | 12/21/2007 | 1,450,000.00 |
| MISSOURI HIGHER ED LN AUTH STUDENT LN REV ARCS 2002 E | 606072GR1 | 12/21/2007 | 1,000,000.00 |
| PENNSYLVANIA ST HIGHER ED ASSISTANCE AGY STUDENT LN REV E REV BDS GG-4 | 709163FA2 | 12/21/2007 | 1,000,000.00 |

(1) ARS purchased through Bank of America and sold through UBS.
(2) ARS purchased through Bank of America and currently held in UBS.

15

3

| SECURITY | CUSIP | TRADE DATE | TOTAL FACE VALUE |
|---|---|---|---|
| OKLAHOMA ST STUDENT LN AUTH REV REV BDS 2000 A-3 | 679110CN4 | 12/27/2007 | 1,400,000.00 |
| BRAZOS HIGHER ED AUTH INC STUDENT LN BKD NT 2007-1 CL 1-A-3 | 10620NBU1 | 12/27/2007 | 1,000,000.00 |
| MISSOURI HIGHER ED LN AUTH STUDENT LN REV ARCS 2002 E | 606072GR1 | 12/27/2007 | 1,000,000.00 |
| PENNSYLVANIA ST HIGHER ED ASSISTANCE AGY STUDENT LN REV E REV BDS GG-4 | 709163FA2 | 12/27/2007 | 1,000,000.00 |
| **SALES/REDEMPTIONS:** | | | |
| **SECURITY** | **CUSIP** | **TRADE DATE** | **TOTAL FACE VALUE** |
| UNION FINL SERVICES SER 1996-C CL A6 VAR RATE VARIABLE MATURITY DATE 7/1/2014 | 906619AH4 | 11/29/2005 | (400,000.00) |
| BRAZOS STUDENT LN SER 2004-A2 MUNI AUT RATE NT STUDENT LN ASSET VARIABLE MATURITY DATE 3/1/2040 | 10623PCV0 | 12/2/2005 | (150,000.00) |
| BRAZOS STUDENT LN SER 2004-A2 MUNI AUT RATE NT STUDENT LN ASSET VARIABLE MATURITY DATE 3/1/2040 | 10623PCV0 | 12/2/2005 | (200,000.00) |
| BRAZOS STUDENT LN SER 2004-A2 MUNI AUT RATE NT STUDENT LN ASSET VARIABLE MATURITY DATE 3/1/2040 | 10623PCV0 | 2/27/2006 | (150,000.00) |
| UNION FINL SERVICES SER 1996-C CL A6 VAR RATE VARIABLE MATURITY DATE 7/1/2014 | 906619AH4 | 3/22/2006 | (300,000.00) |
| BRAZOS STUDENT LN SER 2004-A2 MUNI AUT RATE NT STUDENT LN ASSET | 10623PCV0 | 3/24/2006 | (550,000.00) |
| BRAZOS STUDENT LN SER 2004-A2 MUNI AUT RATE NT STUDENT LN ASSET VARIABLE MATURITY DATE 3/1/2040 | 10623PCV0 | 3/27/2006 | (200,000.00) |
| UNION FINL SERVICES SER 1996-C CL A6 VAR RATE VARIABLE MATURITY DATE 7/1/2014 | 906619AH4 | 4/19/2006 | (200,000.00) |

| | | | |
|---|---|---|---|
| NORTHSTAR GUARANTEE INC DIV B MINN STUDENT LN ARS BDS NORTHSTAR EDU FINANCE STUDENT LN ASSET BKD 2004 A-1 VARIABLE MATURITY DATE 12/1/2044 | 66704JAL2 | 5/22/2006 | (1,050,000.00) |
| COLLEGIATE FNDG SVCS SER 2003-B CL A3 | 19458LAK6 | 6/19/2006 | (50,000.00) |
| FEDERATED STUDENT SER 2003-A CL A2 | 268440AD6 | 6/29/2006 | (300,000.00) |
| COLLEGIATE FDG SVCS ED LN TR 2003-A STUDENT LN ASSET BKD NT CL A6 | 19458LAF7 | 10/6/2006 | (50,000.00) |
| SLM STUDENT LOAN TR SER 2003-2CL B VAR RATE | 78442GFX9 | 10/6/2006 | (300,000.00) |
| MISSOURI HIGHER ED LN AUTH STUDENT LN REV ARCS 2002 D | 606072GQ3 | 10/6/2006 | (800,000.00) |
| SOUTH CAROLINA STUDENT LN CORP ED LN REV REV BDS SER A-2 | 83714RAS2 | 10/6/2006 | (1,250,000.00) |
| SLM STUDENT LN TR SER 2003-B CL A4 | 78443CAP9 | 10/11/2006 | (200,000.00) |
| FEDERATED STUDENT SER 2003-A CL A2 | 268440AD6 | 10/18/2006 | (700,000.00) |
| EDINVEST CO SER 2004-1 CL A1 VAR RATE | 280850AC2 | 10/18/2006 | (1,100,000.00) |
| VOLUNTEER ST STUDENT FDG CORP TENN EDL LN REV | 928809AQ5 | 10/24/2006 | (100,000.00) |
| NELNET EDUCATION LN SER 2003-1 CL A6 | 64031RAF6 | 10/31/2006 | (900,000.00) |
| SANTA CLARA VY CALIF TRANSN AUTH SALES TAX REV AUCTION RATE SECURITIES 2000 MEASURE A 2006 SERIES E | 80168NBS7 | 8/2/2007 | (450,000.00) |

| | | | |
|---|---|---|---|
| ILLNOIS STUDENT ASSISTANCE COMMN STUDENT LN REV VAR BDS ISAC SR SERIES 2003 B-2 VARIABLE MATURITY DATE 3/1/2038 | 452281GW2 | 8/9/2007 | (900,000.00) |
| CALIFORNIA EDL FACS AUTH REV REV BDS ST MARYS COLLEGE OF CALIFORNIA 2001 B | 130175UJ9 | 9/5/2007 | (120,000.00) |
| SAN LEANDRO CALIF MULTIFAMILY REV VAR RT DMD MULTIFAM MTG REV BDS HAAS AVENUE APTS PROJ 1985 B | 798448AC0 | 10/1/2007 | (250,000.00) |
| NEWPORT BEACH CALIF REV ARS REV BDS HOAG MEM HOSP PRESBYTERIAN 2007E | 651785AQ0 | 12/21/2007 | (3,475,000.00) |
| CALIFORNIA INFRASTRUCTURE & ECONOMIC DEV BK REV VAR RATE REV BDS CAL INDPT SYS OPERATOR CORP 2007 SERIES A | 13033WXS7 | 12/24/2007 | (1,580,000.00) |
| SAN DIEGO CNTY CALIF PENSION OBLIG AUCTION REV BD 2002 B-3 | 797398BU7 | 12/26/2007 | (50,000.00) |
| CALIFORNIA EDL FACS AUTH REV VAR RATE REV BDS UNIVERSITY OF SAN FRANCISCO SERIES 2006 | 130178FA9 | 12/26/2007 | (925,000.00) |
| CALIFORNIA ST DEPT WTR RES PWR SUPPLY REV VAR REV BDS 2005 G-5 | 13066YLP2 | 12/27/2007 | (100,000.00) |
| SACRAMENTO CNTY CALIF SANTN DIST FING AUTH REV VAR SUB LIEN REV BDS SACRAMENTO REGL SANITATION DIS 2000 C | 786134EQ5 | 12/27/2007 | (100,000.00) |
| ORANGE CNTY CALIF HSG AUTH MULTIFAMILY APT DEV REV REV BDS LANTERN PINE PJ 1997 CC | 684263AA4 | 12/27/2007 | (150,000.00) |
| ABAG FIN AUTH FOR NONPROFIT CORPS CALIF REV VAR REV BDS JEWISH CMNTY CTR ORANGE 2004 | 00037CFW5 | 12/27/2007 | (175,000.00) |
| LOS ANGELES CALIF CMNTY REDEV AGY MULTIFAMILY HSG REV VAR REF REV BDS PROMENADE TOWERS 2000 | 544393AT8 | 12/27/2007 | (280,000.00) |
| WESTERN PLACER CALIF UNI SCH CTFS PARTN COPS SCH FACS PROJS 2004 A | 959215AM6 | 12/27/2007 | (325,000.00) |

| | | | | |
|---|---|---|---|---|
| LONG BEACH CALIF UNI SCH DIST CTFS PARTN VAR COPS CAP IMPT REFING 2001 | | 542436BQ2 | 12/27/2007 | (385,000.00) |
| CALIFORNIA INFRASTRUCTURE & ECONOMIC DEV | (1) | 13033WXA6 | 1/16/2008 | (600,000.00) |
| OKLAHOMA ST STUDEN LN AUTH | (1) | 679110CN4 | 1/18/2008 | (1,400,000.00) |
| MISSOURIS HIGHER ED LN AUTH | (1) | 606072GS9 | 1/22/2008 | (900,000.00) |
| BRAZOS HIGHER ED AUTH INC | (1) | 10620NBU1 | 1/22/2008 | (1,000,000.00) |
| NORTH CAROLINA ST ED ASST AUTH REV | (1) | 658262CY4 | 1/30/2008 | (700,000.00) |
| EDUCATIONAL FDG SOUTH INC TENN EDL LN REV AUCTION | (1) | 28148NBM4 | 2/4/2008 | (400,000.00) |
| NORTH CAROLIN A ST ED ASSISTANCE AU RV | (1) | 658262DK3 | 2/6/2008 | (100,000.00) |
| PANHANDLE-PLAINS TEX HIGHER ED AUTH INC STUDENT LN REV REV BDS 2004A-2 | (1) | 698476DS4 | 2/7/2008 | (600,000.00) |
| MISSISSIPPI HIGHER ED ASSISTANCE CORP STUDENT LN REV | (1) | 605354ES4 | 2/11/2008 | (1,100,000.00) |
| PENNSYLVANIA ST HIGHER ED ASST | (1) | 709163FA2 | 2/11/2008 | (2,000,000.00) |

**AUCTION RATE SECURITIES PURCHASED THROUGH BANK OF AMERICA AND  HELD IN UBS
ACCOUNT AS OF JULY 21, 2008**

| SECURITY | | CUSIP | TRADE DATE | TOTAL FACE VALUE |
|---|---|---|---|---|
| MISSOURI HIGHER ED LN AUTH STUDENT LN REV BDS 2004 G | (2) | 606072HQ2 | 12/21/07 | 1,450,000.00 |
| MISSOURI HIGHER ED LN AUTH STUDENT LN REV ARCS 2002 E | (2) | 606072GR1 | 12/21/07 | 1,000,000.00 |
| MISSOURI HIGHER ED LN AUTH STUDENT LN REV ARCS 2002 E | (2) | 606072GR1 | 12/27/07 | 1,000,000.00 |

# EXHIBIT C

**YAHOO!** FINANCE    **Sign In**    Finance Home - Help
New User? Sign Up



**Welcome** [Sign In]    To track stocks & more, Register

## Financial News

Enter symbol(s)    | Basic    | Get  Symbol Lookup

**Press Release**    Source: Girard Gibbs LLP

# Girard Gibbs LLP Announces Class Action Lawsuit Filed Against Bank of America Corporation (NYSE:BAC)

Thursday May 22, 7:22 pm ET

SAN FRANCISCO--(BUSINESS WIRE)--The law firm of Girard Gibbs LLP (http://www.girardgibbs.com) announces that it is has filed a class action lawsuit on behalf of persons who purchased Auction Rate Securities from Bank of America Corp. (NYSE: BAC - News), Banc of America Investment Services, Inc., and Banc of America Securities, LLC between May 22, 2003 and February 13, 2008, inclusive (the "Class Period"), and who continued to hold such securities as of February 13, 2008.

The class action, captioned *Bondar v. Bank of America Corp. et al.*, 08-2599 (SC) is pending in the United States District Court for the Northern District of California. The class action is brought against Bank of America Corp., Banc of America Investment Services, Inc., and Banc of America Securities, LLC.

The Complaint alleges that Bank of America violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by deceiving investors about the investment characteristics of auction rate securities and the auction market in which these securities traded. Auction rate securities are either municipal or corporate debt securities or preferred stocks which pay interest at rates set at periodic "auctions." Auction rate securities generally have long-term maturities or no maturity dates.

The Complaint alleges that, pursuant to uniform sales materials and top-down management directives, Bank of America offered and sold auction rate securities to the public as highly liquid cash-management vehicles and as suitable alternatives to money market mutual funds. According to the Complaint, holders of auction rate securities sold by Bank of America and other broker-dealers have been unable to liquidate their positions in these securities following the decision on February 13, 2008 of all major broker-dealers including Bank of America to "withdraw their support" for the periodic auctions at which the interest rates paid on auction rates securities are set.

The Complaint alleges that Bank of America failed to disclose the following material facts about the auction rate securities it sold to the class: (1) the auction rate securities were not cash alternatives, like money market funds, but were instead, complex, long-term financial instruments with 30 year maturity dates, or longer; (2) the auction rate securities were only liquid at the time of sale because Bank of America and other broker-dealers were artificially supporting and manipulating the auction rate market to maintain the appearance of liquidity and stability; (3) Bank of America and other broker-dealers routinely intervened in auctions for their own benefit, to set rates and prevent all-hold auctions and failed auctions; and (4) Bank of America continued to market auction rate securities as liquid investments after it had determined that it and other broker dealers were likely to withdraw their support for the periodic auctions and that a "freeze" of the market for auction rate securities would result.

If you purchased or otherwise acquired Auction Rate Securities from Bank of America between May 22, 2003 and February 13, 2008, and continued to hold such securities as of February 13, 2008, you may, no later than July 21, 2008, request that the Court appoint you as lead plaintiff. A lead plaintiff is a representative party acting on behalf of other class members in directing the litigation. To be appointed lead plaintiff, the Court must decide that your claim is typical of the claims of other class members, and that you will adequately represent the class. Your ability to share in any recovery is not affected by the decision whether or not to serve as a lead plaintiff. You may retain Girard Gibbs LLP, or other attorneys, to serve as your counsel in this action.

If you wish to discuss your rights as an investor in auction rate securities through Bank of America or any other brokerage, please contact Girard Gibbs LLP toll-free at (866) 981-4800. A copy of the complaint is available from the Court, or can be viewed on Girard Gibbs LLP's website at: http://www.girardgibbs.com/auctionrate.html.

Girard Gibbs LLP is one of the nation's leading firms representing individual and institutional investors in securities fraud class actions and litigation to correct abusive corporate governance practices, breaches of fiduciary duty and proxy violations. For more information, please access the firm's web site, www.girardgibbs.com/auctionrate.html. To discuss this class action with us, please contact the following attorneys:

Jonathan K. Levine (jkl@girardgibbs.com)

Aaron M. Sheanin (ams@girardgibbs.com)

601 California Street, 14th Floor

San Francisco, CA 94108

Phone number: (866) 981-4800

Website: http://www.girardgibbs.com/auctionrate.html

*Contact:*

```
Girard Gibbs LLP
Daniel C. Girard, 415 -981-4800
Jonathan K. Levine, 415 -981-4800
Aaron M. Sheanin, 415 -981-4800
```

_____

Source: Girard Gibbs LLP

Copyright © 2008 Yahoo! Inc. All rights reserved. Privacy Policy - Terms of Service - Copyright Policy - Send Feedback
Copyright © 2008 Business Wire. All rights reserved. All the news releases provided by Business Wire are copyrighted. Any forms of copying other than an individual
user's personal reference without express written permission is prohibited. Further distribution of these materials by posting, archiving in a public web site or database, or
redistribution in a computer network is strictly forbidden.

# EXHIBIT D

# Milberg LLP

## THE FIRM'S PRACTICE AND ACHIEVEMENTS

Milberg LLP was founded in 1965 and was one of the first law firms to prosecute class actions in federal courts on behalf of investors and consumers. The Firm pioneered this type of litigation and is widely recognized as one of the nation's leading defenders of the rights of victims of corporate and other large-scale wrongdoing. The Firm has principal offices in New York City and Los Angeles. The Firm's practice focuses on the prosecution of class and complex actions in many fields of commercial litigation, emphasizing securities, corporate fiduciary, ERISA, consumer, insurance, antitrust, mass tort, human rights, and related areas of litigation.

In the Firm's early years, its founding partners built a new area of legal practice in representing shareholders' interests under the then amended Rule 23 of the Federal Rules of Civil Procedure, which allowed securities fraud cases, among others, to proceed as class actions. In the following decades, the Firm obtained decisions that established important legal precedents in many of its areas of practice and prosecuted cases that set benchmarks in terms of case theories, organization, discovery, trial results, methods of settlement, and amounts recovered and distributed to clients and class members.

Important milestones in the Firm's early years include the Firm's involvement in the U.S. Financial litigation in the early 1970s, one of the earliest large class actions, which resulted in the $50 million recovery for purchasers of the securities of a failed real estate development company; the Ninth Circuit decision in *Blackie v. Barrack* in 1975, which established the fraud-on-the-market doctrine for securities fraud actions; the Firm's co-lead counsel position in the *In re Washington Public Power Supply System (WPPSS) Securities Litigation*, a seminal securities fraud action in the 1980s in terms of complexity and amounts recovered; the representation of the Federal Deposit Insurance Corp. in a year-long trial to recover banking losses from a major accounting firm, leading to a precedent-setting global settlement; attacking the Drexel-Milken "daisy chain" of illicit junk-bond financing arrangements with numerous cases that resulted in substantial recoveries for investors; representing life insurance policyholders defrauded by "vanishing premium" and other improper sales tactics and obtaining large recoveries from industry participants; and ground-breaking roles in the multi-front attack on deception and other improper activities in the tobacco industry.

Milberg remains at the forefront in its areas of practice. Significant litigation results include: Tyco International Ltd. Securities Litigation. ($3.2 billion settlement); Nortel Networks Litigation (settlement for cash and stock valued at $1.142 billion); Lucent Technologies Securities Litigation ($600 million recovery); Raytheon Co. Securities Litigation ($460 million recovery); Managed Care Litigation (recoveries over $1 billion and major changes in HMO practices); the WPPSS litigation (settlements totaling $775 million), and NASDAQ Market Makers Antitrust Litigation ($1 billion recoveries). Milberg has been responsible for recoveries valued at approximately $45 billion during the life of the Firm.

The Firm is consistently active in *pro bono* litigation, highlighted by its leadership role in the Swiss Bank Litigation, which led to the recovery of $1.25 billion from Swiss banks to benefit victims of the Holocaust and its efforts representing claimants of the September 11 Victim Compensation Fund.

The Firm's lawyers come from many different professional backgrounds. They include former federal or state prosecutors, private defense attorneys, and government lawyers. The Firm's ability to pursue claims against defendants is augmented by its team of investigators, headed by a former agent for the Federal Bureau of Investigation, and a full-time staff of forensic accountants and financial analysts.

For more information, please visit www.milberg.com.

# JUDICIAL COMMENDATIONS

In *In re September 11 Victim Compensation Fund*, Preliminary Hearing, Claim No. 212-003658 (Dec. 9 2003), Special Master Kenneth R. Feinberg stated the following regarding the Firm's commitment to the public interest:

> Once again, as I have learned over the years here in New York, the Milberg Weiss firm steps up to the plate in the public interest time and time again. The social conscience of the Milberg Weiss firm, acting through its excellent associates and partners, help deal with crises that confront the American people and others, and I am personally in the debt of Milberg Weiss for the work that it is doing, even under the gun with the December 22 deadline looming. I am once again in Milberg Weiss' debt for their extraordinary willingness to help out in the public interest, and I hope you'll relay that message back to the firm. . . . [T]hey are second among none in terms of the public interest, and I'm very, very grateful, not only to you guys for doing this, but . . . for the firm's willingness to help out. I wanted to let everybody know that.

Milberg has been commended by countless judges all over the country for the quality of its representation in class action lawsuits. In approving a $3.2 billion securities fraud settlement, one of the largest in history, in *In re Tyco Int'l, Ltd. Sec. Litig.*, No. 02-1335 (D.N.H. Dec. 19, 2007), Judge Barbadoro lauded Milberg's efforts:

> This was an extraordinarily complex and hard-fought case. Co-Lead Counsel put massive resources and effort into the case for five long years, accumulating [millions of dollars in expenses] and expending [hundreds of thousands of hours] on a wholly contingent basis. But for Co-Lead Counsel's enormous expenditure of time, money, and effort, they would not have been able to negotiate an end result so favorable for the class. . . . Lead Counsel's continued, dogged effort over the past five years is a major reason for the magnitude of the recovery[.]

In *Simon v. KPMG LLP*, No. 05-3189, 2006 U.S. Dist. LEXIS 35943, at *18, 30-31 (D.N.J June 2, 2006), a case in which Milberg served as class counsel, Judge Cavanaugh, in approving the $153 million settlement, found that "Plaintiffs [] retained highly competent and qualified attorneys" and that "[t]he Initial Complaint . . . demonstrates that [Milberg] expended considerable time and effort with the underlying factual and legal issues in this case before even filing this lawsuit. . . . Settlement discussions were conducted over a period of some fourteen months with the supervision and guidance of Judges Politan and Weinstein, and are evidence of [Milberg's] appreciation of the merits and complexity of this litigation."

In *In re Lucent Technologies, Inc. Securities Litigation*, No. 00-621, slip op. at 14-15, 26 (D.N.J. Feb. 24, 2004), Judge Pisano issued an Opinion approving the settlement of the Lucent Technologies Securities Litigation, in which he complimented Milberg (Co-Lead Counsel for the Plaintiff Class) as follows:

> [T]he attorneys representing the Plaintiffs are highly experienced in securities class action litigation and have successfully prosecuted numerous class actions throughout the United States. They are more than competent to conduct this action. Co-Lead Counsel diligently and aggressively represented the Plaintiffs before this Court and in the negotiations that resulted in the Settlement . . . the efforts and ingenuity of Lead Plaintiffs and Lead Counsel resulted in an extremely valuable Settlement for the Benefit of the Class.

In *In re Rite Aid Corp. Securities Litigation*, 269 F. Supp. 2d 603, 611 (E.D. Pa. 2003), Judge Dalzell commented on the skill and efficiency of the Milberg attorneys litigating the complex case:

> At the risk of belaboring the obvious, we pause to say a specific word about . . . the skill and efficiency of the attorneys involved. [Milberg was] extraordinarily deft and efficient in handling this most complex matter. [T]hey were at least eighteen months ahead of the United States Department of Justice in ferreting out the conduct that ultimately resulted in the write-down of over $1.6 billion in previously reported Rite Aid earnings. . . . In short, it would be hard to equal the skill class counsel demonstrated here.

In *In re IKON Office Solutions, Inc. Securities Litigation*, 194 F.R.D. 166, 195 (E.D. Pa. 2000), where Milberg served as co-lead counsel, Judge Katz commented on the skill and professionalism of plaintiffs' co-lead counsel:

> First, class counsel is of high caliber and has extensive experience in similar class action litigation. . . . Each of the co-lead counsel firms has a national reputation for advocacy in securities class actions, and there is no doubt that this standing enhanced their ability both to prosecute the case effectively and to negotiate credibly. Similarly, defense counsel has a fine reputation and has displayed great skill in defending this complex class action. Their opposition to plaintiffs has been anything but token, and many of the battles on crucial issues were hard fought.
>
> Of particular note in assessing the quality of representation is the professionalism with which all parties comported themselves. The submissions were of consistently high quality, and class counsel has been notably diligent in preparing filings in a timely manner even when under tight deadlines. This professionalism was also displayed in class counsel's willingness to cooperate with other counsel when appropriate. . . . This cooperation enabled the parties to focus their disputes on the issues that mattered most and to avoid pointless bickering over more minor matters.

In *In re NASDAQ Market-Makers Antitrust Litigation*, 187 F.R.D. 465, 474 (S.D.N.Y. 1998), in an opinion approving settlements totaling over $1.027 billion, Judge Sweet commented:

> Counsel for the Plaintiffs are preeminent in the field of class action litigation, and the roster of counsel for Defendants includes some of the largest, most successful and well regarded law firms in the country. It is difficult to conceive of better representation than the parties to this action achieved.

In approving a $100 million settlement in *In re Prudential Securities Inc. Partnership Litigation*, 912 F. Supp. 97, 101 (S.D.N.Y. 1996), in which Milberg was one of the lead counsel, Judge Pollack noted that he "had the opportunity at first hand to observe the quality of plaintiffs' class counsel's representation, both here and in prior complex litigation, and is impressed with the quality of plaintiffs' class counsel."

# PROMINENT CASES

- *In re Tyco International Ltd., Securities Litigation*, MDL Docket No. 02-1335-B (D.N.H.). Milberg served as co-lead counsel in this litigation, which involved claims under the Securities Act of 1933 and the Securities Exchange Act of 1934 against Tyco and its former CEO, CFO, general counsel and certain former directors that arise out of Tyco's $5.8 billion overstatement of income and $900 million in insider trading, plus hundreds of millions of dollars looted by insiders motivated to commit the fraud. Claims were also made under the 1933 and 1934 Acts against PricewaterhouseCoopers LLP, which is alleged to have published false audit opinions on Tyco's financial statements during the Class Period and to have failed to audit Tyco properly, despite knowledge of the fraud. On December 19, 2007, the court approved a $3.2 billion settlement of the plaintiffs' claims and praised the work of co-lead counsel.

- *In re Sears, Roebuck and Co. Securities Litigation*, No. 02-7527 (N.D. Ill.). This case involved allegations that Sears concealed material adverse information concerning the financial condition, performance and prospects of Sears' credit card operations. The approved settlement provides $215 million to compensate investors who purchased Sears securities between October 24, 2001 and October 17, 2002 and suffered a loss thereon. As an additional benefit to the Class, Sears agreed to separately pay the costs of class notice and settlement administration.

- *In re American Express Financial Advisors Securities Litigation*, No. 04-1773 (S.D.N.Y.). This case involved allegations that American Express Financial Advisors violated securities laws by representing to class members that the

company would provide tailored financial advice, when the company actually provided "canned" financial plans and advice designed to steer clients into American Express and certain nonproprietary mutual funds. The case settled for $100 million, with the settlement agreement requiring that the company institute remedial measures.

- *In re Lucent Technologies, Inc. Securities Litigation*, No. 00-621 (AJL) (D.N.J.). This settlement provides compensation of $600 million to aggrieved shareholders who purchased Lucent stock between October 1999 and December 2000.

- *In re Raytheon Securities Litigation*, No. 99-12142 (D. Mass.). This case concerned claims that a major defense contractor failed to write down assets adequately on long term construction contracts. In May 2004, Raytheon and its auditor PricewaterhouseCoopers LLP settled for a total of $460 million.

- In *In re Rite Aid Securities Litigation*, Master File No. 99-1349 (E.D. Pa.), Judge Dalzell approved class action settlements totaling $334 million against Rite Aid ($207 million), KPMG ($125 million -- the second largest amount ever recovered from an accounting firm in a federal securities class action, and the largest ever against an auditor in a case where the securities claims were limited to claims under section 10(b), which requires proof of knowing or reckless misconduct), and certain former executives of Rite Aid ($1.6 million).

- In *In re CMS Energy Corp. Securities Litigation*, No. 02-72004 (E.D. Mich.), Judge Steeh approved a cash settlement in excess of $200 million in a federal securities fraud case arising out of alleged round-trip trading practices by CMS Energy Corporation. Milberg served as co-lead counsel in this litigation.

- *In re Deutsche Telekom AG Securities Litigation*, No. 00- 9475 (NRB) (S.D.N.Y.). Milberg served as co-lead counsel in this securities class action, alleging that Deutsche Telekom issued a false and misleading registration statement which improperly failed to disclose its plans to acquire VoiceStream Wireless Corporation and materially overstated the value of the Company's real estate assets. On July 29, 2005, Judge Buchwald approved a settlement of $120 million in cash.

- *In re CVS Corp. Securities Litigation*, No. 01-11464 (JLT) (D. Mass). Milberg served as co-lead counsel in this class action alleging that defendants engaged in a series of accounting improprieties and issued false and misleading statements which artificially inflated the price of CVS stock. On September 7, 2005, Judge Tauro approved a settlement of $110 million dollars in cash for shareholders who acquired CVS stock between February 6, 2001 and October 30, 2001.

- *In re Scheiner v. i2 Technologies, Inc.*, No. 01-418 (N.D. Tex.). This case alleged securities fraud against defendants relating to the company's software product descriptions and alleged violations of Generally Accepted Accounting Principles. In May 2004, Milberg recovered a settlement of $84.85 million.

- Milberg served as co-lead counsel in *Irvine v. ImClone Systems*, Inc., No. 02-0109 (RO) (S.D.N.Y.), in which a settlement of $75 million in cash was approved by the Court in July 2005. Plaintiffs alleged that ImClone issued a number of misrepresentations and fraudulent statements to the market regarding the likelihood of approval of the drug Erbitux, thereby artificially inflating the price of ImClone stock.

- The Firm was lead counsel in *In re Prudential Insurance Co. Sales Practice Litigation*, No. 95-4704 (AMW) (D.N.J.), a landmark case which concerned securities claims as well as common law claims and which resulted in a recovery exceeding $4 billion for Prudential policyholders. The settlement was approved in a comprehensive decision handed down by the Third Circuit.

- In *In re NASDAQ Market-Makers Antitrust Litigation*, MDL 1023, No. 94-3996 (S.D.N.Y.), Milberg served as court-appointed co-lead counsel for a class of investors. The class alleged that the NASDAQ market-makers set and maintained wide spreads pursuant to an industry-wide conspiracy in one of the largest and most important antitrust cases in recent history. After more than three years of intense litigation, the case settled for a total of $1.027 billion, the largest antitrust settlement ever.

- *In re Washington Public Power Supply System Securities Litigation*, MDL 551 (D. Ariz.) was a massive securities fraud litigation in which Milberg served as co-lead counsel for a class that obtained settlements totaling $775 million after several months of trial.

- *In re Exxon Valdez*, No. 89-095 (D. Alaska) and *In re Exxon Valdez Oil Spill Litigation*, 3

AN-89-2533 (Alaska Super. Ct. 3d Jud. Dist.). Milberg is a member of the Plaintiffs' Coordinating Committee and co-chair of Plaintiffs' Law Committee in the massive litigation resulting from the Exxon Valdez oil spill in Alaska in March 1989. A jury verdict of $5 billion was obtained; certain issues are currently on appeal.

- In *In re Managed Care Litigation*, MDL 1334 (S.D. Fla.). Final approval of a settlement between a nationwide class of physicians and defendant CIGNA Healthcare valued in excess of $500 million dollars was granted on April 22, 2004. A similar settlement valued in excess of $400 million involving a nationwide class of physicians and Aetna was approved by the Court on November 6, 2003. The settlements stem from a series of lawsuits filed in both state and federal court by physicians and medical associations currently pending against many of the nation's largest for-profit health insurers arising from conduct involving issues dating back to 1990. These settlements bring sweeping changes to the health care industry and involve improvements to physician-related business practices and provide for the establishment of an independent foundation dedicated to improving the quality of health care in America.

- *In re Baldwin United Annuity Litigation*, No. M-21-35 (S.D.N.Y.). Milberg served as co-lead counsel in this consolidated proceeding on behalf of purchasers of annuities that settled for over $160 million.

- *In re MicroStrategy, Inc. Securities Litigation*, No. 00-473 (E.D. Va.). Milberg served as co-lead counsel in this action, which alleged securities fraud based on a massive restatement. Settlements with the defendants totaled in excess of $150 million.

- *In re Sunbeam Securities Litigation*, No. 98-8258 (S.D. Fla). Milberg acted as co-lead counsel for the class. Plaintiffs alleged that Sunbeam, its auditor, and its management engaged in a massive accounting fraud which led to a restatement of over three years of previously reported financial results. The Court approved a combined settlement of over $140 million. The settlement amount included a $110 million settlement with Arthur Andersen LLP, Sunbeam's auditor. The Andersen settlement is one of the largest amounts ever paid by a public accounting firm to settle claims brought under the federal securities laws. The settlement with the individuals was achieved on the eve of trial,

and ended almost four years of litigation against Andersen and Sunbeam's insiders, including Albert Dunlap, Sunbeam's former Chairman and CEO. The settlement included a personal contribution from Dunlap of $15 million.

- In *In re Computer Associates Securities Litigation*, Nos. 98-4839, 02-1226 (TCP) (E.D.N.Y.), Milberg served as co-lead counsel and obtained a pretrial settlement valued at over $134 million in these securities fraud class actions.

- In *In re IKON Office Solutions, Inc. Securities Litigation*, MDL 1318, No. 98-4286 (E.D. Pa.), Milberg served as co-lead counsel and obtained a pretrial settlement of $111 million in this securities fraud class action.

- In *In re W.R. Grace & Co. (Official Committee of Asbestos Personal Injury Claimants v. Sealed Air. Corp. and Official Committee of Asbestos Personal Injury Claimants v. Fresenius Medical Care Holdings, Inc.)*, Nos. 02-2210 and 02-2211 (D. Del.), Milberg acted as lead counsel for the asbestos personal injury and property damage committees in two separate fraudulent conveyance actions within the W.R. Grace bankruptcy. The actions sought to return the assets of Sealed Air Corporation and Fresenius Medical Care Holdings (each of which had been Grace subsidiaries pre-bankruptcy) to the W.R. Grace bankruptcy estate. Complaints in both cases were filed in mid-March 2002, and agreements in principle in both cases were reached on November 27, 2002, the last business day before trial was set to begin in the Sealed Air matter. The total of the two settlements, which consisted of both cash and stock, was approximately $1 billion.

- *In re Nortel Networks Corp. Securities Litigation*, No. 01-1855 (S.D.N.Y.). This federal securities fraud class action was commenced in February 2001 against Nortel Networks Corp. and certain of its officers and directors. In February 2002, Milberg was appointed to serve as sole Lead Counsel for the Class and for the Court-appointed Lead Plaintiff, the Trustees of the Ontario Public Service Employees' Union Pension Plan Trust Fund. In January 2003, the Court sustained the Complaint in its entirety, denying defendants' motion to dismiss and, in September 2003, certified a Class for all purposes. In certifying the Class, the Court specifically rejected defendants' argument that those who traded in Nortel securities on the Toronto Stock

Exchange (and not the New York Stock Exchange) should be excluded from the Class. The Second Circuit denied defendants' attempted appeal. On January 29, 2007, the court approved a settlement valued at $1.142 billion.

- Milberg is prosecuting numerous class actions involving a significant area of abuse directed at investors: deceptive sales of deferred annuity tax shelters to investors for placement in retirement plans that are already tax-qualified. In *Nelson v. Pacific Life Ins. Co.*, No. 03-131 (S.D. Ga.) the district court approved a $60 million settlement of claims arising from such deception. In *American United Life Insurance Co. v. Douglas*, No. 29A02-0304-CV-350 (Ind. Ct. App.), denial of defendant's summary judgment motion was sustained on interlocutory appeal. The SEC and NASD have begun regulatory programs to address these problems.

- Milberg is co-lead counsel in *In re Vivendi Universal, S.A. Securities Litigation*, No. 02-5571 (RJH) (S.D.N.Y.), a securities fraud class action on behalf of U.S. and certain foreign investors. Plaintiffs allege that Vivendi and two of its senior officers concealed huge liquidity problems and hid accounting violations during the class period. The district court has denied defendants' motions to dismiss the complaint and has certified a class of purchasers from the United States, France, England, and the Netherlands. Trial is scheduled for October 2008.

- *Rabi Abdullahi v. Pfizer, Inc.*, No. 01-8118 (WHP) (S.D.N.Y.). This is a case in which the Firm has brought claims under the Alien Tort Claims act on behalf of Nigerian children and their families who were enrolled in a clinical trial of a drug by Pfizer without their knowledge. Plaintiff alleges that Pfizer's conduct violated the international prohibition on medical experimentation without informed consent when children suffering from meningitis, whose families had brought them to a local hospital for treatment, were secretly enrolled in a clinical trial of the Pfizer drug, Trovan. Plaintiffs' claims were dismissed by the trial court. The case is currently on appeal before the Second Circuit.

- *In re General Instrument Corp. Securities Litigation*, No. 01-3051 (LR) (E.D. Pa.). Milberg served as co-lead counsel and obtained a pretrial settlement of $48 million in this securities fraud class action.

- *In re Royal Dutch/Shell Transport ERISA Litig.*, No. 04-1398 (JWB) (D.N.J.). This was an ERISA breach of fiduciary duty class action against the Royal Dutch/Shell Oil Group of Companies on behalf of certain of the company's U.S. employees invested in the company's stock fund. Notably, the $90 million settlement included important provisions regarding the monitoring and training of individuals appointed to be ERISA fiduciaries.

- *In re Triton Energy Limited Securities Litigation*, No. 98-256 (E.D. Tex. Texarkana Division), settled for $42 million. Plaintiffs alleged that defendants misrepresented, among other things, the nature, quality, classification, and quantity of Triton's Southeast Asia oil and gas reserves during the period March 30, 1998 through July 17, 1998.

- Milberg served as co-lead counsel in *In re Thomas & Betts Securities Litigation*, No. 00-2127 (W.D. Tenn), in which plaintiffs recovered $46.5 million dollars in cash from the Company and $4.65 in cash from its outside auditor, KPMG. Plaintiffs alleged that Thomas & Betts engaged in a series of accounting improprieties while publicly representing that its financial statements were in compliance with GAAP, and failed to disclose known trends and uncertainties regarding its internal control system and computer and information systems.

- *In re MTC Electronic Technologies Shareholder Litigation*, Master File No. 93-0876 (JG) (E.D.N.Y.). Plaintiffs alleged that defendants issued false and misleading statements concerning, among other things, purported joint venture agreements to establish telecommunications systems and manufacture telecommunications equipment in China. The Court approved a settlement of $70 million, including $65 million in cash and $5 million worth of MTC Class A shares with "put" rights.

- In *In re PaineWebber Limited Partnerships Litigation*, Master File No. 94-8547 (SHS) (S.D.N.Y.), Milberg represented investors alleging that PaineWebber developed, marketed, and operated numerous investment partnerships as part of an ongoing conspiracy to defraud investors and enrich itself through excessive fees and commissions over a twelve-year period. On March 20, 1997, Judge Sidney Stein approved a settlement of $200 million, which consisted of $125 million in cash and $75 million worth of guarantees and fee waivers.

- In *In re Ames Department Stores, Inc.*, MDL 924 (MP) (S.D.N.Y.), Milberg represented purchasers of Ames securities alleging that defendants issued false and misleading statements regarding the success of Ames' integration of a major acquisition and the Company's future financial prospects. The Court approved a settlement of $41 million in cash.

- In *Andrews v. AT&T*, No. 91-175 (S.D. Ga.) the Firm represented a class of persons who paid for premium-billed "900-number" calls that involved allegedly deceptive games of chance, starting in 1993. Defendants included major long-distance companies, which approved the call programs and billed for the calls. Defendant MCI settled for $60 million in benefits. The class against AT&T was decertified on appeal and the Firm prosecuted the individual plaintiffs' claims, obtaining a jury verdict in 2003 for compensatory and punitive damages.

# PRECEDENT-SETTING DECISIONS

Milberg has consistently been a leader in developing the law for investors and consumers under the federal securities, antitrust, and consumer protection laws. The Firm has represented individual and institutional plaintiffs in hundreds of class action litigations in federal and state courts throughout the country. In most of those cases, Milberg has served as lead or co-lead counsel for the class. The Firm has also been responsible for establishing many important precedents, including:

- *Asher v. Baxter International, Inc.*, 377 F.3d 727 (7th Cir. 2004). In reversing and remanding the District Court's dismissal, the Seventh Circuit resolved an important issue involving the PSLRA's "safe harbor" for forward-looking statements in plaintiffs' favor. The Court held that whether a cautionary statement is meaningful is an issue of fact, because whether a statement is meaningful or not depends in part on what the defendant knew as well as other issues of fact. Thus, this issue is not appropriately resolved on a motion to dismiss.

- In *In re Vivendi Universal, S.A. Securities Litigation*, No. 05-5571, 2003 U.S. Dist. LEXIS 19431 (S.D.N.Y. Nov. 3, 2003), Judge Harold Baer upheld plaintiffs' claims under Section 10(b) of the Securities Exchange Act of 1934, which alleged that Vivendi and two of its former executives (CEO Jean-Marie Messier and CFO Guillaume Hannezo) did not disclose to investors that: (1) Vivendi's corporate acquisition programs had brought Vivendi to the brink of a potentially catastrophic liquidity crisis; (2) although it consolidated the financial results of several majority owned subsidiaries, Vivendi did not have access to the cash flows of these entities; (3) Vivendi failed to write down billions of dollars of impaired goodwill from prior acquisitions; and (4) one of Vivendi's U.S. subsidiaries improperly recognized revenue "up front" on the full value of long term contracts. The case is particularly notable because the court held that because of defendants' activities in New York promoting Vivendi stock, defendants' conduct was more than "merely prepatory" to the alleged fraudulent scheme, and thus the court had jurisdiction not only over purchasers of Vivendi ADRs on the NYSE, but also over the claims of foreign purchasers who purchased Vivendi ordinary shares on foreign exchanges.

- *Gebhardt v. ConAgra Foods, Inc.*, 335 F.3d 824 (8th Cir. 2003). This important decision strongly reaffirmed the principle that whether an undisclosed fact would have been material to investors cannot ordinarily be decided on a motion to dismiss. The Eighth Circuit, stressing that "[t]he question of materiality hinges on the particular circumstances of the company in question," observed that even relatively small errors in financial statements might be material if they concern areas of particular importance to investors and raise questions about management integrity.

- *In re Initial Public Offering Securities Litigation*, 241 F. Supp. 2d 281 (S.D.N.Y. 2003). The Court sustained, in large part, the plaintiffs' initial amended complaints against more than 50 underwriters of high-tech stocks in one of the most comprehensive decisions issued under the securities laws. Milberg is a principal member of the Plaintiffs' Executive Committee in this landmark litigation. A second round of motions to dismiss was filed by defendants in response to a limited set of

recently amended complaints, and the court sustained in significant part the plaintiffs' claims.

- *In re Cabletron Systems, Inc.*, 311 F.3d 11 (1st Cir. 2002). In this opinion, the First Circuit joined the Second Circuit in allowing a complaint to be based on confidential sources. The Court also accepted the argument made by Milberg that courts should consider the amount of discovery that has taken place in deciding a motion to dismiss and that the lack of discovery will result in a correspondingly less stringent standard for pleading securities fraud claims with particularity.

- In *Puckett v. Sony Music Entertainment*, No. 108802/98 (New York Cty. 2002), Milberg achieved a precedent-setting decision in which a class action was certified against Sony Music Entertainment on behalf of a class of recording artists who were parties to standard Sony recording or production agreements entered into at any time during the period of January 1, 1965 to the date of the filing of the complaint in 1998. The complaint alleged that Sony had a policy of treating the value added tax on foreign sales of recordings improperly thereby impermissibly reducing the royalties paid or credited to the class members. Justice DeGrasse of the New York State Supreme Court determined that class certification was appropriate and that Gary Puckett (of Gary Puckett & the Union Gap) and jazz musician and composer Robert Watson were appropriate class representatives to represent the class of artists and producers to whom Sony accounts for foreign record royalties.

- *Novak v. Kasaks*, 216 F.3d 300 (2d Cir. 2000). The Firm was lead counsel in this seminal securities fraud case in which the Second Circuit undertook an extensive analysis of the statutory text and the legislative history of the PSLRA and pre-existing Second Circuit case law. Among other things, the Second Circuit held that the PSLRA's pleading standard for scienter was largely equivalent to the pre-existing Second Circuit standard and vacated the district court's dismissal which sought to impose a higher standard for pleading scienter under the PSLRA. The Second Circuit also rejected any general requirement that plaintiffs' confidential sources must be disclosed to satisfy the PSLRA's newly-enacted particularity requirements.

- *In re Advanta Corp. Securities Litigation*, 180 F.3d 525 (3d Cir. 1999). Here, the Firm successfully argued that, under the PSLRA, the requisite scienter is pled by making an adequate showing that the defendants acted knowingly or with reckless disregard for the consequences of their actions. As urged by the Firm, the Third Circuit specifically adopted the Second Circuit's scienter pleading standard for pleading fraud under the PSLRA.

- In *Hunt v. Alliance North American Government Income Trust, Inc.*, 159 F.3d 723 (2d Cir. 1998), the Second Circuit reversed the district court's ruling, which denied plaintiffs leave to amend to assert a cause of action against defendants for failing to disclose that the Trust was unable to utilize proper "hedging" techniques to insure against risk of loss. In the Court's view, taken together and in context, the Trust's representations would have misled a reasonable investor.

- In *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194 (1st Cir. 1996), the First Circuit remanded plaintiffs' action after affirming, in part, Milbergs' position that in association with the filing of a prospectus related to the issuance of securities, a corporate-issuer must disclose intra-quarter, materially adverse changes in its business, if such adverse changes constitute "material changes" the disclosure of which is required pursuant to the Securities Act of 1933.

- *In re NASDAQ Market-Makers Antitrust Litigation*, 169 F.R.D. 493 (S.D.N.Y. 1996). The court certified a class of millions of investors, who were harmed by an industry-wide conspiracy where NASDAQ market-makers set and maintained wide spreads, over defendants' strenuous objections.

- *In re Salomon, Inc. Shareholders Derivative Litigation*, 68 F.3d 554 (2d Cir. 1995). The Second Circuit affirmed the district court's holding that derivative federal securities claims against defendants would not be referred to arbitration pursuant to the arbitration provisions of the Rules of the New York Stock Exchange, but would be tried in district court. Shortly thereafter, the case settled for $40 million.

- *Kamen v. Kemper Financial Services*, 500 U.S. 90 (1991). The Supreme Court upheld the right of a stockholder of a mutual fund to bring a derivative suit without first making a pre-suit demand.

- *Mosesian v. Peat, Marwick, Mitchell & Co.*, 727 F.2d 873 (9th Cir.), cert. denied, 469 U.S. 932 (1984). The Ninth Circuit upheld an investor's right to pursue a class action against an accounting firm, adopting statute of limitation rules for §10(b) suits that are favorable to investors.

- *Hasan v. CleveTrust Realty Investors*, 729 F.2d 372 (6th Cir. 1984). The Sixth Circuit very strictly construed, and thus narrowed, the ability of a "special litigation committee" of the board of a public company to terminate a derivative action brought by a shareholder.

- *Fox v. Reich & Tang, Inc.*, 692 F.2d 250 (2d Cir. 1982), aff'd sub nom, *Daily Income Fund, Inc. v. Fox*, 464 U.S. 523 (1984). The court held that a derivative action to recover excessive advisory fees may be brought on behalf of an investment company without any prior demand on the board.

- *Rifkin v. Crow*, 574 F.2d 256 (5th Cir. 1978). The Fifth Circuit reversed an order granting summary judgment for defendants in a §10(b) case, paving the way for future acceptance of the "fraud-on-the-market" rationale in the Fifth Circuit.

- *Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975), cert. denied, 429 U.S. 816 (1976). This is the seminal appellate decision on the use of the "fraud-on-the-market" theory, allowing investors who purchase stock at artificially inflated prices to recover even if they were personally unaware of the false and misleading statements reflected in the stock's price. The court stated that class actions are necessary to protect the rights of defrauded purchasers of securities.

- *Bershad v. McDonough*, 300 F. Supp. 1051 (N.D. Ill. 1969), aff'd, 428 F.2d 693 (7th Cir. 1970). The plaintiff obtained summary judgment for a violation of §16(b) of the Securities Exchange Act in which the transaction was structured by the defendants to look like a lawful option. The decision has been cited frequently in discussions as to the scope and purpose of §16(b).

- *Heit v. Weitzen*, 402 F.2d 909 (2d Cir. 1968), rev'g, 260 F. Supp. 598 (S.D.N.Y. 1966). The court held that liability under §10(b) of the Securities Exchange Act extends to defendants who were not in privity with the named plaintiffs or the class represented by the named plaintiffs.

Additionally, in the context of shareholder derivative actions, Milberg has been at the forefront of protecting shareholders' investments by causing important changes in corporate governance as part of the global settlement of such cases. Cases in which such changes were made include:

- *In re Marketspan Corporate Shareholder Litigation*, No. 98-15884 (N.Y. Sup. Ct.). The settlement agreement in this case required modifications of corporate governance structure, changes to the audit committee, and changes in compensation awards and the nominating committee.

- *Abramsky v. Computer Sciences Corp.*, No. 98-00306 (RLH) (D. Nev. 1998). The settlement in this case required significant changes to the company's by-laws and governance procedures to enhance shareholder voting rights and the role of outside directors.

# MILBERG LLP

### *The Firm's Partners*

**JEROME M. CONGRESS** received an A.B. degree with honors from Cornell University. From 1960 to 1962 he was a Fulbright Scholar at Oxford University, England, where he studied philosophy, politics and economics. He received an LL.B. degree *cum laude* from Harvard Law School, where he was an editor of *Harvard Law Review* during 1963-1964.

Since graduating from law school, Mr. Congress has spent the bulk of his practice in commercial and securities litigation.

Mr. Congress is admitted to practice in the courts of the State of New York, as well as the United States District Courts for the Southern and Eastern Districts of New York and the United States Court of Appeals for the Second Circuit.

**MICHAEL C. SPENCER** graduated from Yale University in 1973 with a B.A. degree, *magna cum laude*, with distinction, in philosophy. While at Yale, he was elected to Phi Beta Kappa. Mr. Spencer received a J.D. degree from Harvard Law School, *cum laude*, in 1976.

Mr. Spencer focuses his practice primarily on class actions on behalf of defrauded investors and consumers, as well as complex commercial litigation.

Mr. Spencer began his legal career as a law clerk to the Honorable Wm. Matthew Byrne Jr., United States District Court, Central District of California, in 1976-77. He then returned to New York and joined Cravath, Swaine & Moore as an associate, where he worked until 1986 on antitrust, banking, real estate, commercial, and securities litigation matters. In his later years at Cravath, he represented the bond fund trustee in connection with bond defaults of Washington Public Power Supply System nuclear plants.

In 1986, he joined Milberg as an associate and became a partner later that year. He worked on the WPPSS securities fraud litigation and many of the Firm's other cases, including representation of the FDIC in its failed bank audit litigation involving the Butcher Brothers banks in Tennessee, which led to a year-long trial and a global settlement of all bank-related claims against Ernst & Whinney just before closing arguments to the jury in late 1992. He has since worked on many of the Firm's securities fraud cases, and cases in other areas, including representation of a broad coalition of union health care funds seeking to recover costs for treating smoking-related illnesses from the tobacco industry; Year 2000 litigation; cases involving alleged kickbacks in the mortgage insurance industry; and consumer and securities fraud cases against insurance companies selling deferred annuities into qualified retirement plans.

Mr. Spencer is admitted to practice in the courts of the States of New York and California, as well as the United States District Courts for the Southern and Eastern Districts of New York, the Central District of California, and the United States Courts of Appeals for the Second, Third, Fourth, Seventh, Ninth, Eleventh, and D.C. Circuits.

**ROBERT A. WALLNER** received his B.A. degree from the University of Pennsylvania in 1976 graduating *magna cum laude*. He attended New York University School of Law, earning his J.D. degree in 1979. He was elected to the law school's Order of the Coif and served as an editor of *New York University Law Review*.

Prior to joining Milberg, Mr. Wallner was associated with Cravath, Swaine & Moore.

While at Milberg has litigated complex securities, consumer, and antitrust class actions throughout the country. He currently represents investors in *In re Initial Public Offering Securities Litigation* (S.D.N.Y) and *In re CMS Energy Corporation Securities Litigation* (E.D. Mich.). He has also represented consumers in *In re Synthroid Marketing Litigation* (N.D. Ill.) and the *Mercedes-Benz Tire Litigation* (D.N.J.).

Mr. Wallner is a frequent lecturer on securities and complex litigation issues, and serves on the editorial board of *Securities Litigation Report*, published by West Legalworks. He served as a member of the Federal Courts Committee of the Association of the Bar of the City of New York, and as a faculty member of the American Bar

Association's First Annual National Institute on Securities Litigation and Arbitration. Mr. Wallner is a member of the New York bar.

**SANFORD P. DUMAIN** attended Columbia University where he received his B.A. degree in 1978. He graduated *cum laude* from Benjamin N. Cardozo School of Law of Yeshiva University in 1981.

Mr. Dumain represents plaintiffs in cases involving securities fraud, consumer fraud, insurance fraud, and violations of the antitrust laws.

Mr. Dumain began his career as a law clerk to Judge Warren W. Eginton, United States District Court for the District of Connecticut 1981-1982. During the early years of his practice, he also served as an Adjunct Instructor in Legal Writing and Moot Court at Benjamin N. Cardozo School of Law.

Mr. Dumain has lectured for ALI-ABA concerning accountants' liability and has prosecuted several actions against accounting firms.

Mr. Dumain served on the trial team for a six-month trial in which the firm represented the City of San Jose, California, that resulted in a verdict for the City against the defendants for violations of the securities laws. More recently, he was Co-Lead Counsel in the Tyco Securities Litigation in which a $3.2 billion settlement was recovered for investors.

Judge Janet C. Hall of the District of Connecticut made the following comment in *In re: Fine Host Securities Litigation*, (No. 97-2619): "The court also finds that the plaintiff class received excellent counseling, particularly from the Chair of the Plaintiffs' Executive Committee, Attorney Dumain."

Mr. Dumain is admitted to practice in the State of New York, United States District Court for the Southern and Eastern Districts of New York, and District of Connecticut, and United States Courts of Appeals for the First, Second, Third, Sixth, Seventh, and Eighth Circuits.

**GEORGE A. BAUER III** earned his B.B.A. degree *magna cum laude* in 1976 from Bernard M. Baruch College of the City University of New York, where he majored in accounting. He was awarded the Andrew J. Coppola prize in Law from Baruch College. Mr. Bauer attended New York University School of Law and graduated with a J.D. degree in 1979.

Mr. Bauer's practice concentrates on class action settlements and settlement administration. He has played a lead role in documenting and effectuating many of the largest and most complex securities litigations settlements ever obtained, notably including: the proposed $1.14 billion settlement for cash and stock of the *In re Nortel Networks Corp. Securities Litigation* No. 01-1855 (RMB) (S.D.N.Y.); the $1.027 billion settlement of the *In re NASDAQ Market-Makers Antitrust Litigation*, MDL No. 1023, (S.D.N.Y.); settlements relating to the $2 billion estate of the Drexel Burnham Lambert, including *In re Drexel Burnham Lambert Group*, No. 90-6954 (MP) (S.D.N.Y.) and the $1.3 billion settlement of the *In re Michael Milken & Associates Securities Litigation*, MDL 924 (S.D.N.Y.); settlements worth over $775 million in *In re Washington Public Power Supply Systems Securities Litigation*, MDL 551 (D. Ariz.); settlements including cash and securities worth over $615 million in *In re Lucent Technologies Inc. Securities Litigation*, No. 00-621 (JAP) (D. N.J.); the $200 million settlement in *In re PaineWebber Limited Partnerships Litigation*, No. 94-8547 (SHS) (S.D.N.Y.); the settlement for cash and securities worth over $137.5 million in *In re Microstrategy Inc. Securities Litigation*, No. 00-473 (E.D. Va, Alexandria Division); the settlements for securities worth over $133.5 million in *In re Computer Associates Class Action Securities Litigation*, No. 98-4839 (TCP), and *In re Computer Associates 2002 Class Action Securities Litigation*, No. 02-1226 (TCP) (E.D.N.Y.); and the $110 million settlement in *In re Prudential Securities Inc. Limited Partnerships Securities Litigation*, MDL 1005 (MP) (S.D.N.Y.).

Mr. Bauer was admitted as a member of the New York Bar in January 1980 and is also admitted to the United States District Court for the Southern and Eastern Districts of New York. Mr. Bauer is admitted to practice before the United States Supreme Court and the United States Courts of Appeals for the Second and Fourth Circuits.

Mr. Bauer is a member of the Firm's Library Committee. He is also a member of the American Bar Association, the New York State Bar Association, the Association of Trial Lawyers of

America, and the New York County Lawyers Association.

**BARRY A. WEPRIN** graduated from Harvard College in 1974. He received a J.D. degree from the New York University School of Law in 1978, and a master of public affairs from the Woodrow Wilson School of Princeton University in 1978. While in law school, Mr. Weprin was notes and comments editor of *New York University Law Review.*

Since joining Milberg in 1989, Mr. Weprin has specialized in securities and insurance litigation. He has served as co-lead counsel in a number of complex securities class action litigations, including *In re AremisSoft Securities Litigation* (D.N.J.), *In re All Star Inns Securities Litigation* (S.D.N.Y.), *In re York Research Securities Litigation* (S.D.N.Y.), and *Bharucha v. Reuters, PLC* (E.D.N.Y.). He was one of the principal attorneys in the sales practice litigations against The New York Life Insurance Company, The New England Life Insurance Service Company, The John Hancock Mutual Life Insurance Company, and The Prudential Life Insurance Company.

Previously, Mr. Weprin served as law clerk to the Honorable Charles P. Sifton of the United States District Court for the Eastern District of New York. Prior to joining Milberg, he was associated with the law firm of Wachtell Lipton Rosen & Katz, where he specialized in commercial and securities litigation. From 1985 to 1989 he served as general counsel to the New York State Housing Finance Agency and the New York State Medical Care Facilities Finance Agency, two agencies that issue tax exempt bonds for financing nonprofit medical facilities and qualified housing projects.

In approving the settlement in the *Allstar Inns* case, Judge Peter Leisure stated:

We have a situation here which is a classic example of the benefits to be derived through the class action vehicle, to have the high quality representation of the class. The reputation of counsel . . . Barry Weprin of Milberg Weiss, precedes them to this court and I'm familiar in other matters with the case in which these lawyers work.

The class was indeed fortunate to have lawyers of this caliber on this matter and the court is satisfied that the class was well-represented and had the benefits of the quality of representation that would not have otherwise been available if the class action vehicle had not been used.

Mr. Weprin is a frequent lecturer on complex litigation issues.

Mr. Weprin is a member of the American Bar Association, the Association of the Bar of the City of New York, the New York County Lawyers Association, and the New York State Bar Association. Mr. Weprin is admitted to practice in New York, the United States District Court for the Southern and Eastern Districts of New York, the United States Court of Appeals for the Second Circuit, and the United States Supreme Court.

**RICHARD H. WEISS** received an A.B. degree *summa cum laude* from Princeton University in 1979. In 1980, he received an M.Phil. degree in international relations from Cambridge University, England. He graduated from Yale Law School in 1983.

Mr. Weiss is admitted to practice in the State of New York, the United States District Court for the Eastern and Southern Districts of New York, the District of New Jersey, and the District of Arizona; the United States Courts of Appeals for the Second, Sixth, Seventh, Eighth, and Tenth Circuits, the United States Claims Court, and the United States Supreme Court.

**BRAD N. FRIEDMAN** received a B.A. degree in government from Cornell University in 1982 and a J.D. degree, *cum laude,* from New York University School of Law in 1986, where he was an editor of the Law Review.

Mr. Friedman began his legal career as a clerk for the Honorable Max Rosenn, United States Court of Appeals for the Third Circuit. He was an associate at Simpson, Thacher & Bartlett for seven years before joining Milberg.

Mr. Friedman specializes in complex commercial matters, including securities, consumer, and life insurance class actions. He has recovered billions of dollars on behalf of injured plaintiffs, including as lead counsel in numerous "vanishing premium" and "churning" life insurance sales practice class actions (including cases against Prudential and Metropolitan Life). In 2002, Mr. Friedman acted as lead counsel on behalf of various asbestos committees in the W.R. Grace bankruptcy, and successfully recovered approximately $1 billion

through a fraudulent conveyance litigation that settled on the eve of trial.

Mr. Friedman is a member of the Federal Bar Council, the American Bar Association, the American Trial Lawyer Association, the New York State Bar Association and the New York City Bar Association.

Mr. Friedman is admitted to practice in the States of New York and New Jersey, as well as the United States Courts of Appeals for the Third and Fifth Circuits, and the United States District Courts for the Southern and Eastern Districts of New York and the District of New Jersey.

**JOSHUA H. VINIK** graduated with honors from the State University of New York at Oneonta in 1983, where he majored in economics. After graduating *cum laude* from Brooklyn Law School, Mr. Vinik clerked for Magistrate (now Judge) Carol B. Amon of the United States District Court for the Eastern District of New York.

Mr. Vinik's practice focuses primarily on class actions on behalf of defrauded investors, as well as complex commercial litigation, including accountants' liability actions and derivative actions. Mr. Vinik's extensive litigation efforts on behalf of aggrieved investors include many actions which have led to significant recoveries for investors, including *In re Baan Securities Litigation* (D.D.C.); *Lasky v. Brown (United Companies Financial Securities Litigation)* (M.D. La.), *Kaufman v. Motorola, Inc.* (N.D. Ill.), and *In re Salomon Inc. Shareholders Derivative Litigation* (S.D.N.Y.).

Mr. Vinik is a member of the American Bar Association, The New York State Bar Association and the Association of the Bar of the City of New York. Mr. Vinik is admitted to practice in the courts of the State of New York, as well as the United States District Courts for the Southern and Eastern Districts of New York and the United States Courts of Appeals for the Second, Third, and Fifth Circuits.

**JEFF S. WESTERMAN** received his B.A. degree from Northwestern University in 1977, where he was selected to be a member of two senior honorary societies. He received his J.D. degree from the University of Pittsburgh in 1980, where he was a member of the Law Review.

Mr. Westerman's practice is primarily in the areas of securities fraud class actions, shareholder

derivative actions, and corporate mergers and acquisition litigation. He has served as lead or co-lead counsel in cases resulting in significant corporate governance changes, and resulting in plaintiff recoveries and recognized increased value to plaintiffs totaling more than $800 million. In 2005, *The Daily Journal* recognized him as one of the top 30 securities litigators in California.

Mr. Westerman has also been the moderator or speaker for programs on complex litigation, developments in class action practice, settlements, the Sarbanes-Oxley Corporate Responsibility Act, shareholder derivative actions and trends in business litigation.

Mr. Westerman was a member (2001-2003) and Co-Chair (2002-2003) of the Central District of California Attorney Delegation to the United States Ninth Circuit Judicial Conference. He serves on the Central District of California, U.S. Magistrate Judge Merit Selection Panel (2003-present) and the standing committee on Attorney Discipline (2004-present). He is also a member of the Central District of California Attorney Settlement Officer Panel (1998-present).

Mr. Westerman was the president of the Association of Business Trial Lawyers (2004-2005); a member of the Board of Governors (1997-2005), Treasurer (2001-2002), Secretary (2002-2003) and Vice President (2003-2004). He is also on the Board of Governors of the Consumer Attorneys Association of Los Angeles (2003-present).

Mr. Westerman is a member of the Los Angeles County Bar Executive Committee for the Litigation Section and the Board of the Los Angeles Chapter of the Federal Bar Association. He is also Chair of the LA County Bar Complex Courts Bench-Bar Committee, and a member of the Bench-Bar Civil Courts Committee; and served as Judge Pro Tem in the Los Angeles Small Claims Court in 1987-1988, 1990, 1992-1993 and 1996-1997. He is a member of the Los Angeles County and Federal Bar Associations. He was on the California State Bar Task Force on Complex Litigation, and Chair of the Judicial Education Subcommittee (1997). In 2007, he was named one of Lawdragon's 3000 Leading Plaintiffs' Lawyers In America.

Mr. Westerman is admitted to practice in the courts of the State of California, as well as the

United States District Courts in California, the United States Court of Appeals for the Ninth Circuit, and the United States Supreme Court.

**JANINE L. POLLACK** graduated from Rutgers University in 1986, with high honors, with a B.A. She majored in English and French and was a member of Phi Beta Kappa. In 1989, Ms. Pollack earned her J.D. from the University of Pennsylvania School of Law, where she was a member of the International Journal of Business Law.

Since joining Milberg in 1991, Ms. Pollack has prosecuted numerous different class actions, including securities, consumer fraud, sex discrimination, and annuities cases. She is a member of the Firm's Hiring Committee; runs the Firm's CLE program; and is in charge of, and a mentor in, the Firm's Mentor program. Ms. Pollack has spoken at numerous conferences and CLE programs, including Mealey's and the Firm's in-house CLE program.

Ms. Pollack is co-chair of the Committee on Cy Pres for the Justice Center, the pro bono affiliate of the Association of the Bar of the City of New York. In addition, she is co-chair of the Women's Initiative for the National Association of Shareholder and Consumer Attorneys (NASCAT).

Ms. Pollack is a member of the American Bar Association. She was admitted to the New York State Bar in 1990. She was also admitted to the New Jersey State Bar in 1989, as well as the U.S. District Court for the District of New Jersey. In 1990, Ms. Pollack was admitted to the U.S. District Court for the Southern and Eastern Districts of New York.

**KIRK E. CHAPMAN** graduated *cum laude* from Harvard University in 1985 with a B.A. degree in biochemistry. He received his J.D. in 1989 from the University of Chicago where he was a member of the *Legal Forum* publication. Mr. Chapman's major practice areas are securities fraud class actions and employment discrimination matters.

Mr. Chapman is admitted to practice in the Courts of the State of New York as well as the United States District Courts for the Southern and Eastern Districts of New York.

**ARIANA J. TADLER** graduated from Hamilton College in 1989 with a B.A. degree. In 1992, she received her J.D. from Fordham University School of Law, where she was the Articles and Commentary Editor of the Fordham Urban Law Journal, a member of the Moot Court Board, and the 1990 recipient of the American Jurisprudence Award in Criminal Law.

Ms. Tadler specializes in class action litigation, with an emphasis on securities fraud cases. She has extensive experience litigating complex and fast-paced cases. Currently, she is one of the principal plaintiffs' liaison counsel in the *Initial Public Offering Securities Litigation*, pending in the United States District Court for the Southern District of New York. In that capacity, she manages the litigation of several hundred separate class actions, which have been consolidated for pretrial purposes.

Ms. Tadler has chaired or spoken at numerous lectures and seminars nationwide on topics relating to electronic discovery and securities litigation. In addition, she is a member of the advisory board of Georgetown University Law Center's Advanced E-Discovery Institute.

Ms. Tadler is involved in various charity and community organizations. She currently chairs the board of directors of MFY Legal Services, Inc., a non-profit organization that seeks to provide disadvantaged New Yorkers equal access to the judicial system through community-based representation.

Ms. Tadler is admitted to the Bars of the States of New York and New Jersey, as well as the United States District Court for the Southern and Eastern Districts of New York, the District of New Jersey and the United States Court of Appeals for the Third Circuit.

**LORI G. FELDMAN** is a daughter of retired public employees and understands the importance of protecting the investments of all workers and their families against corporate fraud. In 2002-2003 and 2004-2005, she was named a "Rising Star of Washington Law" by practitioners in Seattle.

In addition to lecturing on class action practice, she has served as Co-Chair of the Continuing Legal Education Committee of the Federal Bar Association for the Western District of Washington. Recently, Ms. Feldman has participated as panel faculty in continuing legal education programs on ERISA and securities fraud class actions arising from the subprime and liquidity crisis.

Ms. Feldman's representative recoveries exceed $100 million. Recently, she recovered millions of dollars for class members in litigation involving ConAgra Foods, Inc. (D. Neb.), Amazon.com (W.D. Wash.), Paradigm Medical Industries (D. Utah), SpectraLink Corporation (D. Colo.) and Cutter & Buck (W.D. Wash.). She is currently representing shareholders in litigation involving, among several others, Beazer Homes (N.D. Ga.), China Life (S.D.N.Y.), Washington Mutual, Inc. (W.D. Wash.), Select Medical (E.D. Pa.), Rhythms Net Connections (D. Colo.), Gilead Sciences, Inc. (N.D. Cal.), and Digimarc Corporation (D. Oregon). She is also currently representing participants of defined contribution retirement plans in ERISA litigation involving, among others, General Electric (N.D.N.Y.), Fremont General Corp. (C.D. Cal.), Boston Scientific Corp. (D. Mass.), Dell Inc. (W.D. Tex), First American Corp. (C.D. Cal.), Macy's, Inc. (S.D. Ohio), Citigroup, Inc. (S.D.N.Y.), Merrill Lynch & Co., Inc. (S.D.N.Y.), and Morgan Stanley & Co., Inc. (S.D.N.Y.).

Ms. Feldman graduated from Albany Law School in 1990, where she served as an Executive Editor of the *Albany Law Review*. She has interned at the Civil Division of the United States Attorney's Office in Brooklyn, New York. She is admitted to the Bars of the States of Washington and New York and federal district and appellate courts throughout the country.

**BENJAMIN Y. KAUFMAN** earned his B.A. degree from Yeshiva University in 1988 and his J.D. degree from Benjamin N. Cardozo School of Law, Yeshiva University, in 1988, where he was a Belkin Fellow, Belkin Scholar, and a member of the *Cardozo Arts and Entertainment Law Journal*. Mr. Kaufman also received an M.B.A. degree in finance from the Stern School of Business, New York University in 1999. Prior to joining Milberg in August of 1998, Mr. Kaufman was a Court Attorney for the New York State Supreme Court, New York County (1988-1990) and Principal Law Clerk to Justice Herman Cahn of the Commercial Division of the New York State Supreme Court, New York County (1990-1998).

Mr. Kaufman focuses on class action litigation on behalf of defrauded investors and consumers as well as complex commercial litigation. Mr. Kaufman is a member of the bars of New York, New Jersey, the United States District Courts for the Districts of New York and New Jersey, and the United States Court of Appeals for the Fourth Circuit.

**CLIFFORD S. GOODSTEIN** earned his A.B. degree from Harvard University in 1988 and his J.D. degree from New York University School of Law in 1993. After graduation, he served as a law clerk to the Honorable Alex T. Howard, Jr., Chief Judge of the United States District Court for the Southern District of Alabama, and then as an associate at Reboul, MacMurray, Hewitt, Maynard & Kristol, and Baker & Botts, prior to joining Milberg in January of 1998.

Mr. Goodstein practices in the areas of consumer fraud, securities, antitrust, and health care litigation. Mr. Goodstein is a member of the bars of New York and New Jersey.

**PETER SAFIRSTEIN** graduated from George Washington University in 1978 with a B.A. degree. He received an M.A. degree in government (concentration in international relations) from Georgetown University in 1980. In 1985, he earned his J.D. degree from Brooklyn Law School, where he was a member of the *Brooklyn Law Review* and the Moot Court Honors Society. Prior to joining Milberg, Mr. Safirstein was in private practice. In addition, Mr. Safirstein served as a staff attorney in the Enforcement Division for the U.S. Securities and Exchange Commission from 1985-1990. In 1988-89, Mr. Safirstein was designated as a special assistant United States attorney in the Southern District of New York, where he was part of the trial team which prosecuted *United States v. Regan*, (the "Princeton/Newport" case) and *United States v. Lisa Jones*. Mr. Safirstein later served as an assistant United States attorney in the Southern District of Florida.

Mr. Safirstein is a member of the American Bar Association and the Association of the Bar of the City of New York. Mr. Safirstein is a member of the Bars of the States of New York and New Jersey and is also admitted to practice before the Supreme Court of the United States, the United States Courts of Appeals for the Second and Third Circuits, the District Court of the Southern and Eastern Districts of New York and the District Court of New Jersey.

**PETER E. SEIDMAN** earned his B.A., *cum laude*, from Hobart College in 1979, following which he served as a Peace Corps volunteer living

and working among the Guarani, an indigenous tribe in Paraguay. He earned an M.A. degree in journalism in 1982 from the University of Michigan and subsequently worked as a journalist for a variety of publications. In 1994, he earned a J.D. degree, *cum laude*, from the University of Michigan Law School.

Mr. Seidman joined Milberg in 2000. His practice involves the investigation and prosecution of securities litigation on behalf of defrauded investors. Before joining Milberg, he was an associate with the New York law firm of Orans, Elsen & Lupert LLP, where he was active in both civil and white collar criminal litigation in federal and state courts.

Mr. Seidman is admitted to practice in the courts of the State of New York, as well as the United States District Courts for the Northern, Southern, and Eastern Districts of New York.

**ANITA KARTALOPOULOS** graduated with a B.A. degree from the University of Toledo, with honors in 1974, majoring in classics, and graduated from Seton Hall Law School in 1982, with an emphasis on health care law. Ms. Kartalopoulos works primarily in the areas of insurance, consumer fraud, securities, and managed care. Before joining Milberg in 1998, she was in government service in the State of New Jersey, holding several positions, including deputy commissioner of insurance for life and health, director of legal regulatory affairs for the Department of Health and Senior Services, and executive director of the New Jersey Real Estate Commission.

As deputy commissioner of insurance she managed the New Jersey Insurance Department's Multi-State Task Force investigating the sales practices of the Prudential Insurance Company. She also served on the Board of Directors of MBL Insurance Company as a rehabilitator and managed litigation pursuant to the company's rehabilitation.

Thereafter as director of legal and regulatory affairs for the Department of Health and Senior Services, Ms. Kartalopoulos was responsible for litigation management, the development of all regulations implementing the New Jersey Healthcare statutes, the development and implementation of a streamlined Certificate of Need (CN) law, and the development of stringent prompt payment regulations to ensure that HMO's meet

contractual obligations to physicians and ensure the stability of the health care network for the benefit of consumers.

As executive director of the New Jersey State Real Estate Commission, Ms. Kartalopoulos was responsible for implementing consumer disclosure/protection regulations which had been long opposed by the New Jersey real estate industry. She was also responsible for all disciplinary investigations and hearings against realtors, the inspection and registration of out of state land sales marketed in the State of New Jersey, continuing licensing of 84,000 realtors and brokers and the on-going development of real estate regulations. Ms. Kartalopoulos also worked with New Jersey Attorney General Deborah Poritz in the development of Megan's Law.

Prior to government service, Ms. Kartalopoulos specialized in local government law and land use, representing a number of municipal governments, planning boards, and boards of adjustment. She was responsible for litigation before both state and federal courts, and negotiated significant settlements with the New Jersey Council on Affordable Housing (COAH) for the benefit of low income residents of the State.

Ms. Kartalopoulos has co-authored the following publications on the subject of securities and shareholder litigation: *Deterring Executive Compensation Excesses: Regulatory Weaknesses, Litigation Strengths* (03/05) and *Vintage Wine In New Bottles: The Curious Evolution of the Concept of Loss Causation* (11/05).

Ms. Kartalopoulos is admitted to the bar of the State of New Jersey. She is also admitted to appear in the United States District Court for the District of New Jersey and the U.S. Courts of Appeals for the Federal Circuit and the Third Circuit.

**KAREN ROGERS** earned her B.A. degree from the University of California, Irvine, in 1983, her M.B.A. degree from Pepperdine University in 1990, and her J.D. degree from Southwestern University School of Law in 1996.

Ms. Rogers specializes in representing individual and institutional investors in securities fraud class actions and shareholder derivative litigation. Ms. Rogers has been with the Firm since March 1997. While at Milberg, Ms. Rogers has successfully litigated numerous class action

lawsuits which have resulted in multi-million dollar recoveries for defrauded investors, including, among others, cases such as *Mattel Securities Litigation, Accelerated Securities Litigation*, and *Hoeck v. CompUSA*.

While at Southwestern, Ms. Rogers was on the Dean's List from 1994-1995 and a member of the Law Review from 1995-1996.   Ms. Rogers authored "Embryo Theft: The Misappropriation of Human Eggs at an Irvine Fertility Clinic Has Raised a Host of New Legal Concerns for Infertile Couples Using Reproductive Technologies," 26 Sw. U.L. Rev. 1133 (1997).   In 1996, Ms. Rogers served as judicial extern for The Honorable Ronald S.W. Lew, United States District Court for the Central District of California.

Prior to law school, Ms. Rogers earned an NASD Series 7 securities license and worked in the securities industry for five years at Drexel Burnham Lambert's Beverly Hills office.

Ms. Rogers is a member of the Association of Business Trial Lawyers, as well as the Los Angeles County, San Fernando Valley, and American Bar Associations. Ms. Rogers is admitted to practice in the courts of the State of California, as well as the United States District Court for the Central District of California.

**CHRISTOPHER S. POLASZEK** earned his B.S. degree from Florida State University in 1992, *cum laude*, his M.B.A. degree from Florida State University in 1997, his J.D. degree from Florida State University in 1997, *cum laude*, and his LL.M. degree in Securities Regulation from Georgetown University in 2000.   While in law school, Mr. Polaszek interned with the Florida Senate and United States Senator Bob Graham.

Mr. Polaszek currently specializes in securities fraud litigation.   Prior to joining Milberg, Mr. Polaszek spent several years practicing commercial litigation with an emphasis on securities litigation and arbitration.   In this regard, in addition to litigating matters in state and federal courts, he has represented numerous clients in securities arbitration proceedings conducted by the National Association of Securities Dealers, Inc., the New York Stock Exchange, and the American Arbitration Association.

Mr. Polaszek is a member of the Bar of State of Florida and is also admitted to practice before the United States Supreme Court, the United States Court of Appeals for the Eleventh Circuit, and the United States District Courts for the Northern, Middle, and Southern Districts of Florida.   Mr. Polaszek is also a member of the Federal Bar Association and the American Bar Association.

**MATTHEW GLUCK** was a litigation partner in Fried, Frank, Harris, Shriver & Jacobson LLP prior to joining Milberg. He frequently represented U.S. and foreign businesses and individuals in major litigation and other complex matters. He has also assisted clients in both formal bankruptcies and out-of-court restructurings of financially troubled companies.

Mr. Gluck served as adviser to the court in the restructuring of the Manville Trust in *In re Johns-Manville Corp.*, No. 85-8922 (S.D.N.Y.) and as the legal representative for future claimants in the Chapter 11 filing of Keene Corporation in In re Keene Corp., No. 93-46090 (Bankr. S.D.N.Y.).

**NEIL R. FRASER** graduated from the University of Massachusetts, Amherst in 1989 with a B.A. degree in political science. In 1992, he received his J.D. degree from Whittier Law School. While in law school, Mr. Fraser externed for the Hon. Vincent P. Zurzolo, United States Bankruptcy Judge for the Central District of California.

Mr. Fraser focuses his practice in the areas of securities, mass torts, and employment discrimination. He represented the plaintiffs in the recently settled class action alleging employment discrimination at the Jacob K. Javits Convention Center, *Cokely v. NYCCOC* (S.D.N.Y.).   In addition, Mr. Fraser is a key part of the team representing over 330 individuals relating to injuries they sustained by their ingestion of the diet drug combination known as *Fen-Phen* in *In re Diet Drug Litigation Venued in Bergen County*.   In securities, he worked on the successfully resolved *In re Racing Champions Securities Litigation* (N.D. Ill.) and is currently a member of the team handling the landmark *In re IPO Securities Litigation*, alleging various forms of market manipulation.

Mr. Fraser is admitted to practice in New York, New Jersey, and the United States District Courts for the Southern District of New York, the Eastern District of New York, and the District of New Jersey.

**SABRINA KIM** graduated from the University of California, Los Angeles, in 1992, Phi Beta Kappa, *magna cum laude*, with a B.A. degree in Sociology. She received her J.D. degree from the University of California, Hastings College of Law in 1996.

Ms. Kim focuses primarily on securities and consumer class actions on behalf of defrauded investors and consumers. Ms. Kim came to Milberg from the California Department of Justice, where she was a deputy attorney general in the Consumer Law Section for six years. During her tenure as a state prosecutor, Ms. Kim prosecuted several high-profile, complex state and federal consumer fraud cases, including those against major predatory lenders, insurance companies, annuity mills, and others who engaged in unlawful and deceptive business practices. At Milberg, Ms. Kim was one of the principal attorneys responsible for petitioning and briefing two major California Supreme Court cases involving consumer rights: *Branick v. Downey Savings & Loan Association,* 39 Cal.4th 235 (Cal. 2006) and *Pioneer Electronics (USA) v. Superior Court (Olmstead)*, 40 Cal.4th 360 (Cal. 2007).

Ms. Kim has served as a speaker on Business and Professions Code Section 17200 and Proposition 64 for the Los Angeles County Bar Association Symposium, Mealey's Section 17200 Conference, Consumer Attorneys of California, and the American Bar Association. Ms. Kim has also taught Consumer Law as an adjunct professor at Loyola Law School, is a board member of the Association of Business Trial Lawyers, and was named a "Southern California Rising Star" (Securities Litigation) by Los Angeles Magazine in 2006 and 2007.

Ms. Kim is admitted to practice in the courts of the State of California, as well as the United States District Court for the Central, Eastern, and Northern Districts of California, and the United States Court of Appeals for the Ninth Circuit.

**MATTHEW A. KUPILLAS** graduated from the State University of New York at Albany in 1990 with a B.A. degree in philosophy. In 1994, Mr. Kupillas received his J.D. degree from New York University School of Law. Mr. Kupillas focuses his practice primarily on class actions on behalf of defrauded investors and consumers, as well as complex commercial litigation. He is a member of the bar of the State of New York and is admitted to practice before the United States District Court for the Southern and Eastern Districts of New York, the District of Colorado, the Eastern District of Wisconsin, and the United States Court of Appeals for the Tenth Circuit.

**ROSS B. BROOKS** earned his B.A. degree from Cornell University in 1992, *cum laude*, and his J.D. degree from the University of Chicago Law School in 1997.

Mr. Brooks focuses his practice on representation of whistleblowers, public and private payors, and injured consumers in litigation involving healthcare fraud and abuse, including False Claims Act, mass torts, class action, and other complex litigation. Mr. Brooks is a member of the New York State Bar Association, the New York City Bar Association, Taxpayers Against Fraud, the American Health Lawyers Association and the American Association for Justice. Mr. Brooks is also a member of the Health Law Committee of the New York City Bar Association.

Mr. Brooks is admitted to practice in the courts of the State of New York, as well as the United States District Court for the Southern District of New York.

**PAUL J. ANDREJKOVICS** graduated from Union College in 1992, Phi Beta Kappa, *magna cum laude,* with a B.A. degree in political science. In 1995, Mr. Andrejkovics received his J.D. degree from Albany Law School. He was admitted as a member of the New York Bar in 1996 and is also admitted to the United States District Court for the Northern, Southern, and Eastern Districts of New York.

His practice concentrates on class action settlements and settlement administration. Mr. Andrejkovics has played a supporting role in documenting and effectuating some of the largest and most complex securities litigations settlements ever obtained, including: the proposed $1.14 billion settlement for cash and stock of the *In re Nortel Networks Corp. Securities Litigation*, No. 01-1855 (RMB) (S.D.N.Y.); and the settlements for securities worth over $133.5 million in *In re Computer Associates Class Action Securities Litigation*, No. 98-4839 (TCP) and *In re Computer Associates 2002 Class Action Securities Litigation*, No. 02-1226 (TCP) (E.D.N.Y.).

**KENT A. BRONSON** received a B.A. from State University of New York at Binghamton in 1994. He graduated *cum laude* from University of Pittsburgh School of Law in 1998. During law school, Mr. Bronson was a research editor on the Law Review and a recipient of the Dean's Scholarship.

Mr. Bronson is currently involved in litigating numerous complex class action cases in various state and federal courts, including, among others, *In Re Biovail Corp. Securities Litigation* (in which Milberg LLP served as co-lead counsel on behalf of the Local 282 Welfare Trust Fund, and which has been tentatively settled, subject to Court approval, for $138 million and certain corporate governance modifications), *In Re Citigroup Pension Plan ERISA Litigation*, *In Re American Express Securities Litigation*, and *In Re Topps Company, Inc. Shareholder Litigation*.

Mr. Bronson is admitted to practice in New York State courts, the United States District Courts for the Southern, Eastern and Northern Districts of New York, and the United States Courts of Appeals for the Second and Tenth Circuits.

**LEIGH SMITH** focuses her practice primarily on class actions on behalf of defrauded investors. She also has significant experience with complex commercial litigation. Her involvement in the *In re Tyco Int'l Ltd. Securities Litigation*, No. 02-1335, helped recover an aggregate settlement of $3.2 billion.

While at Rutgers University, Ms. Smith majored in French and was elected to Phi Beta Kappa and Phi Sigma Iota. As a graduate student, she studied French literature and film and spent a year in France working as an assistant English teacher. Ms. Smith taught French at Rutgers and at the University of Iowa prior to law school. During law school, Ms. Smith served as the Acquisitions Editor for the *Cornell Journal of Law and Public Policy* and was a member of the Cornell Moot Court Board. She was a finalist in the Cuccia Cup Moot Court Competition and received a CALI Award for Outstanding Achievement for her work in Cornell's Legal Aid Clinic. She also was active in a number of student organizations.

Prior to joining Milberg, Ms. Smith worked at large law firms in New York and New Jersey. She is admitted in the United States District Courts for the Southern District of New York, the Eastern District of New York, the District of New Jersey, and the District of Massachusetts.

### Of Counsel

**SOL SCHREIBER** received a B.A. degree, *cum laude*, in 1952 from the City College of New York, and his LL.B. degree from Yale Law School in 1955.

From 1971 through 1978, Mr. Schreiber was a United States Magistrate Judge in the United States District Court for the Southern District of New York, where he conducted more than 1,500 criminal and 3,500 civil pretrial hearings and settled approximately 1,000 civil cases. In addition to trying numerous civil and criminal cases, Mr. Schreiber supervised pretrial practice in derivative, class and complex actions in the admiralty, antitrust, aviation, securities, directors' and officers' and product liability fields, including *Berkey v. Kodak*, *Litton v. ATT*, the *Penn Central Commercial Paper Litigation*, the *New York Times* and *Readers' Digest* gender discrimination, the Argo Merchant-Nantucket stranding, and the Tenerife 747 collision cases.

From November 1978 to January 1982, when he joined Milberg, Mr. Schreiber served as the President and Chief Executive Officer of a unit of the Federation of Jewish Philanthropies of New York which provided centralized legal, risk management and insurance services for the Federation's hospitals, homes for the aged, and health, education and community service agencies. He was Trial Counsel from 1955 through 1971 and Resident Counsel from 1966 through 1971 of the Brooklyn office of Liberty Mutual Insurance Co.

Mr. Schreiber has been a participant in numerous special project committees for the American Bar Association and the Second Circuit. From 1960 to present, Mr. Schreiber has been the Planning and Program Chairman of more than 125 national programs, including ALI-ABA and PLI Continuing Professional Education national courses of study on

evidence, civil practice and employment discrimination litigation in federal and state courts. He has been a frequent lecturer at professional programs and workshops on federal and state court civil procedure, federal and state court trial evidence and federal criminal practice and procedure. Mr. Schreiber was a reporter for the ABA Advocacy Task Force (1970-1971), which led to the formation of the National Institute for Trial Advocacy.

From 1972 to 1987, he served as an adjunct professor at Fordham Law School teaching courses in trial advocacy, product liability, mass torts and insurance disputes. He has been editor for more than 40 CLE course handbooks and major publications on civil practice and litigation, including ALI-ABA's three-volume *Civil Practice Guide, Litigation in Federal and State Courts* (8th ed. 1998). Mr. Schreiber is a member of the Board of Editors, *Moore's Federal Practice* (2d ed.).

Mr. Schreiber served as a Court-Appointed Special Master in the *Marcos Human Rights Litigation*. He was Special Master in the Pan American Lockerbie cases, the *Agent Orange Litigation* (March 1982-January 1984), and a series of other complex federal civil cases.

Mr. Schreiber was Judicial Member, Anglo American Exchange on Civil Procedure (March 1974), and Hearing Officer, N.Y. State Master Energy Plan (fall 1979). He is the recipient of the Francis Rawle Award for outstanding achievements in post-admission legal education (ALI-ABA, July 1985) and the Presidential Award, Legal Aid Society (November 1984). Mr. Schreiber is also the founder and co-chair of the Ovarian Cancer Research Fund, Inc.

Mr. Schreiber is a member of the American Bar Association, the New York State Bar Association, the Association of the Bar of the City of New York and the American Law Institute. He is admitted to the Bar of the State of New York, to the United States District Courts for the Southern and Eastern Districts of New York, and to the Second Circuit Court of Appeals.

**ANDREW MORGANTI** practices in the fields of antitrust and securities litigation. He is one of the attorneys responsible for the prosecution of the *Initial Public Offering Securities Litigation* pending in the United States District Court for the Southern District of New York. Prior to joining Milberg in November 2006, Mr. Morganti managed his own boutique antitrust and shareholders' rights practice. In addition, between 1999 and 2003, Mr. Morganti practiced antitrust litigation with firms based in Chicago and Washington, D.C. He also served as an intern at the Federal Reserve Bank of Boston and Department of Justice of Canada, Civil Litigation Division.

### Senior Counsel

**JEFFREY MESSINGER** received his B.A. from the State University of New York at Stony Brook in 1980, and his J.D., from Boston University School of Law in 1985. Mr. Messinger focuses his practice primarily in the following areas: mass tort litigation, employment discrimination and False Claims Act litigation. Currently, he represents hundreds of individuals in Vioxx, Bextra, Fen Phen and Medtronic litigation. He has also obtained significant settlements on behalf of victims of employment discrimination.

**ARVIND B. KHURANA** received his B.A. from State University of New York at Albany in 1993, and a J.D. from St. John's University School of Law in 1999, *Dean's List Graduate*. While in law school, Mr. Khurana was on the Dean's List from 1995-1999 and a member of the *American Bankruptcy Institute Law Review*.

Mr. Khurana focuses his practice primarily on class actions on behalf of defrauded investors and consumers, as well as complex commercial litigation. Prior to joining Milberg in August 2005, Mr. Khurana worked as an associate with a major international law firm in New York, concentrating in the area of complex commercial litigation.

Mr. Khurana is a member of the Federal Bar Council and admitted to practice in the state and federal courts of New York.

### *Special Counsel*

**JAMES M. SHAUGHNESSY** graduated *cum laude* from Adelphi University in 1967 with a B.A. degree in political science and *cum laude* from New York University School of Law in 1969. While at N.Y.U., Mr. Shaughnessy was elected to the Order of the Coif, was the administrative director of the moot court program, and, upon graduation, received the Benjamin F. Butler Award for scholarship and outstanding service to the law school.

Mr. Shaughnessy joined the firm of Casey, Lane & Mittendorf in New York City as a litigation associate in 1969 and became a litigation partner at that firm in 1976. In 1982, Mr. Shaughnessy joined the firm of Haythe & Curley as a litigation partner, and he was the managing partner of the firm for two years. In 1987, Mr. Shaughnessy joined the firm of Windels, Marx, Davies & Ives (now known as Windels, Marx, Lane & Mittendorf, LLP) as a litigation partner. He was the chairman of the Windels, Marx Litigation Department from 1988 through 1998, and was a member of the firm's Executive Committee from 1990 to 1992. Mr. Shaughnessy joined Milberg in 2001.

Over the course of his career, Mr. Shaughnessy has specialized in commercial, securities, insurance, aviation and bankruptcy litigation. Mr. Shaughnessy was lead defense counsel for Pan American World Airways, Inc. in *In re Air Disaster at Lockerbie, Scotland on December 21, 1988*, M.D.L. 799 (E.D.N.Y.), and tried that case on behalf of Pan Am to a jury for three months.

Mr. Shaughnessy is a member of the American Bar Association, the New York State Bar Association, the Association of the Bar of the City of New York, and Federal Bar Council. Mr. Shaughnessy is admitted to practice in New York, California and New Jersey as well as before the United States Supreme Court, the United States Courts of Appeals for the Second, Fifth and Ninth Circuits, the United States District Courts for the Southern, Eastern, Northern and Western Districts of New York, the Southern District of California and the District of New Jersey, and the United States Tax Court.

### *Associates*

**LAUREN BLOCK** received a B.A. degree, *cum laude*, from University of Pennsylvania in 1982, and a J.D. degree from George Washington University Law School in 1985.

Ms. Block focuses her practice on class actions on behalf of defrauded investors, as well as complex commercial litigation. She was admitted to the bars of New York and Pennsylvania in 1986.

**JENNIFER S. CZEISLER** graduated from Hofstra University in 1994 with a B.A. degree in psychology. After completing graduate degree work at Hunter School of Social Work (1994-95), she pursued a J.D. degree, which she earned in 1999 from the University of Miami School of Law, where she graduated *cum laude*. Ms. Czeisler was on the editorial board of the *Law Review of Psychology, Public Policy & Law* and earned numerous awards, including the CALI excellence for the Future Award, Dean's Certificate of

Achievement Award, and membership in the Phi Delta Phi National Honor Society.

Ms. Czeisler is admitted to practice in the State of New York and is a member of the American Bar Association, where she is committed to her *pro bono* work with the American Bar Association Commission on Legal Problems of the Elderly.

**LISA DEROSE** received a B.A. degree, *cum laude*, from Dartmouth College in 1994 and a J.D. degree from New York University in 1997.

Ms. DeRose focuses her practice primarily on securities class action litigation. Prior to joining Milberg, Ms. DeRose was an associate at a New Jersey law firm where she practiced general commercial litigation.

**ANNA DOVER** received a B.A. degree from Wesleyan University in 1995, and a J.D. degree from the University of California at Davis School of

Law in 2001. While in law school, Ms. Dover was a member of the *UC Davis Law Review*.

Ms. Dover focuses her practice on class actions on behalf of defrauded investors and consumers. She currently represents shareholders in actions against various mutual fund families in which Milberg has been appointed lead counsel, including *In re American Mutual Funds Fee Litigation* (C.D. Cal.).

She is admitted to practice in the courts of the States of California and New York.

**CARLA FREDERICKS** graduated *magna cum laude* from the University of Colorado in 1997 and from Columbia Law School in 2001. While at Columbia, she was a Public Interest Fellow, a Charles Evans Hughes Scholarship recipient, Executive Editor of the Columbia Journal of Environmental Law, and Treasurer of the Columbia Native American Law School Association. Prior to law school, Ms. Fredericks served as an AmeriCorps volunteer in Colorado. She has performed extensive *pro bono* work on behalf of community organizations and the wrongfully convicted.

Ms. Fredericks joined Milberg in 2005. She focuses her practice on securities and class action litigation. She also has significant experience in civil rights litigation and labor and employment law.

Ms. Fredericks is admitted to practice in the courts of the State of New York. She is a member of the New York State Bar Association, the Federal Bar Association, the National Native American Bar Association, the New York County Lawyers Association, and the National Congress of American Indians.

**SARA FUKS** graduated *magna cum laude* from New York University in 2001. She earned her J.D. *cum laude* from Fordham University School of Law in February, 2005. While in law school, Ms. Fuks was a member of the *Fordham Law Review*.

Ms. Fuks focuses her practice primarily on class actions on behalf of defrauded investors. litigation on behalf of defrauded individual and institutional investors.

Prior to joining Milberg in October 2006, Ms. Fuks was an associate in the New York office of Dewey Ballantine LLP, cpncentrating in the area of complex commercial litigation.

Ms. Fuks is admitted to practice in the state and federal courts of New York.

**MICHELLE FURUKAWA** focuses her practice on securities class actions on behalf of defrauded investors. While in law school at UCLA, Ms. Furukawa served as editor in chief of the *Asian Pacific American Law Journal*, clerked for the U.S. Securities & Exchange Commission, Division of Enforcement, and was a judicial extern for the Honorable Sheri Bluebond, U.S. Bankruptcy Court, Central District of California. Ms. Furukawa is a member of the Japanese American Bar Association of Greater Los Angeles, Association of Business Trial Lawyers, and the Los Angeles County Bar Association.

**STEPHANIE HATZAKOS** received a B.A. degree from the University of South Florida in 1995. She earned her J.D., *cum laude*, from Touro Law School in 1997. Ms. Hatzakos focuses her practice primarily on mass torts litigation, representing injured consumers in actions brought against pharmaceutical and medical device manufacturers. Prior to joining Milberg in 2006, Ms. Hatzakos worked as a court attorney at the New York Appellate Division, Second Department and as an associate with law firms in New York, concentrating in the areas of both personal injury and insurance defense.

**TODD KAMMERMAN** received his B.A. degree *cum laude* in politics from Brandeis University in 1999. In 2002, he received his J.D. degree from the Benjamin N. Cardozo School of Law. While at Cardozo, Mr. Kammerman was named an Alexander Fellow, through which he worked as a judicial intern in the chambers of the Honorable Joseph A. Greenaway, Jr., U.S.D.J. in Newark, New Jersey. Mr. Kammerman is a member of the bars of the States of New York and New Jersey and is admitted to practice before the United States District Court for the District of New Jersey.

**JOSHUA KELLER** graduated from the University of North Carolina in 1998 and from Albany Law School of Union University in 2004. Prior to entering law school, Mr. Keller was a Trial Preparation Assistant in the New York County District Attorney's Office. While in law school, Mr. Keller was associate editor of *Albany Law*

*Review* and participated in the Senior Prize Trials competition.

Mr. Keller focuses his practice on securities class action litigation on behalf of defrauded individual and institutional investors. He currently represents classes in several securities fraud and consumer fraud class actions.

Mr. Keller is admitted to practice in the courts of the States of New York and Colorado. He is also admitted to practice in the United States District Court for the Southern District of New York and Northern District of Illinois.

**TODD KUSSIN** received his B.A. degree from Cornell University in 1997 and his J.D. degree from Hofstra University School of Law in 2002. While in law school, Mr. Kussin served as Research Editor of the *Hofstra Law Review*. He also worked for the Unemployment Action Center, providing counsel to indigent clients seeking unemployment insurance.

Mr. Kussin focuses his practice primarily on securities class action litigation on behalf of defrauded individual and institutional investors. Prior to joining Milberg, Mr. Kussin was an associate at Clifford Chance US LLP.

Mr. Kussin was admitted to the  New York State Bar in 2003.

**JULIE KWON** received her B.S. from Cornell University in 2003, and a J.D. from Brooklyn Law School in 2007. During law school, Ms. Kwon fulfilled an externship at MFY Legal Services, Inc., a non-profit legal services provider. Since joining Milberg LLP, she has helped establish the firm's community service initiative.

Ms. Kwon focuses her practice primarily on securities class action litigation on behalf of defrauded individual and institutional investors.

She is admitted to the bars of New York and New Jersey, and is admitted to practice in the United States District Court of New Jersey. She is a member of the New York State Bar Association, New York County's Lawyers Association, and Asian American Bar Association of New York.

**BERNA M. LEE** graduated from Dartmouth College with a B.A. degree in 1991 and earned a J.D. from Georgetown University Law Center, *cum laude*, in 1999.

Ms. Lee focuses her practice on securities class action and complex commercial litigation. Prior to joining Milberg, Ms. Lee gained significant experience in the areas of white collar crime, securities fraud, and complex insurance coverage matters. She has performed extensive *pro bono* work on behalf of the wrongfully convicted.

**JEAN LEE** graduated from New York University with a B.A. degree in Politics and Psychology and a M.S.W. in Social Work. Ms. Lee received her J.D. degree from Rutgers School of Law. During law school, she served as a Senior Editor of the *Rutgers Law Record*. Upon graduation from law school, Ms. Lee was a law clerk to the Honorable John J. Hughes, United States Magistrate Judge, in the District of New Jersey.

Currently, Ms. Lee devotes her practice to representing the interests of defrauded investors in securities class actions. She is admitted to practice law in New York and New Jersey. Ms. Lee is also a licensed social worker.

**ROLANDO MARQUEZ** received a B.S. degree from Brown University in 1994 and his M.S. degree from New York University in 1998. In 2003 he received his J.D. degree from Fordham Law School.

Mr. Marquez is part of the False Claims Act practice group, representing whistleblowers in actions primarily involving Medicare and Medicaid fraud. He was also part of the Milberg team that served as co-lead plaintiffs' counsel in a securities fraud and accountant liability class action suit that settled for over $3 billion.

Prior to joining Milberg, Mr. Marquez was an associate at a patent boutique firm, where he concentrated on patent litigation matters involving medical device, computer software, and consumer electronic device technologies.

Mr. Marquez is also admitted to practice in the United States District Courts for the Southern and Eastern Districts of New York and the United States Patent and Trademark Office.

**JOHN R. S. MCFARLANE** received a B.Comm. degree from Dalhousie University School of Business Administration in 1996, and an LL.B from Dalhousie Law School in 2002. Mr. McFarlane focuses his practice on class actions on behalf of defrauded investors, as well as actions against various mutual fund families in which Milberg has

Milberg LLP Attorney Biographies 14

been appointed lead counsel, including *In re American Express Financial Advisors Securities Litigation* (S.D.N.Y.). Prior to joining Milberg , he practiced securities law at Cassels, Brock & Blackwell LLP in Toronto, Ontario.

Mr. McFarlane was admitted to the Law Society of Upper Canada in 2003 and the New York State Bar in 2006.

**KRISTI STAHNKE MCGREGOR** received her B.A. degree in political science, Phi Beta Kappa, from the University of Florida in 1995. She spent two years, 1993-94 and 1995-96, studying political science and economics at the Rheinische Friedrich-Wilhelms-Universitaet Bonn in Bonn, Germany. In 1999, Ms. McGregor received her J.D. degree from Emory University School of Law, where she was the Research Editor of the *Emory International Law Review* and student law clerk to Justice Norman Fletcher of the Georgia Supreme Court.

After graduating from law school, Ms. McGregor was a recipient of the German Chancellor Fellowship through the Alexander Von Humboldt Foundation, which allowed her to attend the Westfaelische Wilhelms-Universitaet Muenster in Muenster, Germany and receive her LL.M. degree *magna cum laude* in German civil law in 2001.

Prior to joining Milberg in 2002, Ms. McGregor practiced in the international section of a large Atlanta law firm. She focuses her practice primarily on class actions on behalf of defrauded investors, as well as complex commercial litigation. She has particular experience in international litigation, primarily involving European companies. She is fluent in German. Ms. McGregor was admitted to the Georgia Bar in 1999, the New York Bar in 2003, and the Florida Bar in 2004.

**ROLAND RIGGS** received a B.A. from Trinity College in Hartford, Connecticut in 1999, and a J.D. *cum laude* from Case Western Reserve in 2004. Prior to joining the Firm, he worked at Abraham, Fruchter & Twersky, LLP, where his practice areas included ERISA and securities litigation.

**WILLIAM B. SCOVILLE, JR.** received a B.A. degree from Yale University in 1985 and a J.D. degree with Specialization in International Legal Affairs from Cornell Law School in 1992. As a law

student, he participated in Cornell's Legal Aid Clinic, Criminal Justice Clinic, and Prison Project.

Mr. Scoville's practice consists primarily of complex securities litigation. He is fluent in French, Spanish, and Russian and has assisted in prosecuting the claims of an international class of plaintiffs in *In re Vivendi Universal, S.A. Securities Litigation*.

**ANDREW SOKOLOWSKI** graduated from UCLA with a B.A. degree in History in 1997. He received his J.D., *cum laude*, from Loyola Law School. During law school, Mr. Sokolowski served as Articles Editor for the *Loyola of Los Angeles Law Review* and graduated in the top 5% of his class. He was admitted to the California bar in 2003.

Mr. Sokolowski currently focuses his practice on consumer and securities class actions. He is a member of the Los Angeles County Bar Association and the Association of Business Trial Lawyers.

**JENNIFER J. SOSA** graduated from Northeastern University with a B.S. degree, *cum laude*, in 2002. In 2005, she earned her J.D. degree from Temple University Beasley School of Law.

Prior to joining Milberg in February 2006, Ms. Sosa worked as a legal consultant under the Director of Business and Legal Affairs at WhenU.com, Inc. During law school, she was a member of the Environmental Moot Court Team and was awarded the David Sive Award for Best Brief in the 2004 Pace National Environmental Law Moot Court Competition. Prior to law school, Ms. Sosa worked as a Chemical Engineer.

**TED J. SWIECICHOWSKI** received his B.A. degree from Marquette University in 1989 and his J.D. from The Catholic University of America, Columbus School of Law in 1996. He focuses his practice on securities class action litigation on behalf of defrauded individual and institutional investors. Mr. Swiecichowski was employed previously by MortgageIT Holdings, Inc. (a residential mortgage REIT) and Liddle & Robinson, LLP (a firm specializing in securities and employment arbitrations). Mr. Swiecichowski's experience also extends to the securities industry, having been employed as an Equity Research Associate in UBS's Global Technology Equity Research Group and as a consultant with Deutsche

Bank's Mergers & Acquisitions group. He currently represents shareholders in securities fraud cases, including *In re Xerox Securities Litigation*.

**ANNE MARIE VU** received her B.A. degree in Political Science and French from the University of Portland in 2000. She spent an academic year studying at the Université de Paris-IV (La Sorbonne) in Paris, France. Ms. Vu earned her J.D. degree from the Benjamin N. Cardozo School of Law in 2003. During law school Ms. Vu was a member of the Willem C. Vis International Commercial Moot. She also worked as a legal intern for the Federal Trade Commission, where she received a Certificate of Appreciation for Outstanding Contribution. Following law school Ms. Vu provided *pro bono* legal assistance to the New York office of Reporters Without Borders from 2003 to 2004.

Ms. Vu concentrates her practice primarily on securities fraud litigation. She is one of the attorneys prosecuting the *In re Vivendi Universal, S.A. Securities Litigation* pending in the United States District Court for the Southern District of New York.

Ms. Vu is a member of the New York State Bar Association, the California Young Lawyers Association, the American Bar Association, the National Asian Pacific American Bar Association, and the Moot Alumni Association. She is admitted to the Bars of the States of New York and California.

**CHERYL WILLIAMS** currently specializes in securities fraud litigation. Prior to joining Milberg, Ms. Williams practiced commercial litigation with an emphasis on products liability and Business and Professions Code Section 17200 actions. In this regard, Ms. Williams represented Fortune 500 companies in high profile, complex litigation including several trials. Ms. Williams also has a personal and professional interest in developing a practice in Native American Law. In addition to studying in the field throughout law school and beyond, Ms. Williams has represented Native American clients on a *pro bono* basis including members of the Wabauskang Nation in Ontario, Canada (her own Tribal affiliation).

Ms. Williams is also a member of the Federal Bar Association, the Native American Bar Association, the American Business Trial Lawyers Association, and the Consumer Attorneys Association of Los Angeles.

**JENNIFER L. YOUNG** received a B.A. degree from University of South Carolina in 1996. She graduated *cum laude* from the University of South Carolina School of Law in 2002. During law school, Ms. Young was Associate Editor in Chief of the *South Carolina Law Review*, as well as a member of the South Carolina Moot Court Bar.

Ms. Young focuses her practice primarily on consumer fraud and complex commercial litigation. Ms. Young is admitted to practice in the courts of the States of South Carolina and New York. Ms. Young sits on the junior board of Court Appointed Special Advocates (New York), a non-profit organization that shepherds children through New York City's foster care system. Ms. Young is an active member of the New York Inn of Court.

## Staff Attorneys

**HENRY KELSTON** received a B.S. degree, *cum laude*, from Tufts University in 1975, and a J.D. degree from New York University School of Law in 1978, where he was a member of the Annual Survey of American Law.

Mr. Kelston has extensive experience in state and federal court litigation, administrative proceedings and arbitrations. Prior to joining Milberg, he practiced at Proskauer Rose in New York and Siegel, O'Connor & Kainen in Connecticut.

Mr. Kelston is admitted in the courts of the States of New York and Connecticut, as well as the United States District Courts for the Southern District of New York, the Eastern District of New York and the District of Connecticut.

**JOSEPH MUZINGO** concentrates his practice on compliance matters. Prior to joining Milberg, he practiced law in Detroit in the areas of medical malpractice and general litigation.

Mr. Muzingo received an academic scholarship to attend Michigan State Law School, from which

he graduated in 2003. While in Law School, Mr. Muzingo served as a member of the Moot Court board for three semesters and was awarded the Moot Court Eve August Award for Best Advocate during his second year of law school.

Mr. Muzingo is admitted to practice law in New York and Michigan.

**SANFORD SMOKLER** received a B.A. degree from Syracuse University in 1993 and a J.D. degree from Brooklyn Law School in 1996. Mr. Smokler's practice focuses on mass torts and product liability litigation including the representation of injured consumers in actions against pharmaceutical and medical device manufacturers.

Prior to joining Milberg in 2006, Mr. Smokler specialized in the litigation of asbestos and silicone gel filled breast implant product liability actions on behalf of plaintiffs.

# EXHIBIT E

## George A. Shohet, A Professional Corporation

George A. Shohet has practiced law in Los Angeles since 1985. Until 1993, he practiced with the firm of Corinblit & Seltzer, which subsequently merged with Susman Godfrey L.L.P. In 1994, Mr. Shohet formed his current firm. For the past twenty-three years, he has frequently represented consumers, shareholders and small businesses in securities, environmental, products liability and antitrust class actions and other complex litigation and commercial transactions. Below are descriptions of his representative cases.

In addition to his litigation practice, Mr. Shohet engages in transactional work and has assisted in the formation and management of companies engaged in the technology, restaurant and media business sectors. Prior to setting up his Los Angeles practice, he served as a legislative attorney in the United States House of Representatives and as a public interest lawyer in Washington, D.C. He has also served as Judge Pro Tem in the Los Angeles County Superior Court.

Mr. Shohet graduated with honors from Loyola Law School, Los Angeles (1983) and the University of California at Irvine (1980). He received various additional academic honors from both schools and was on the Loyola Law Review. In addition, he has an advanced certification in trial advocacy and an advanced degree in creative writing. He has published scholarly articles for the U.S. Practicing Law Institute, written and produced theatrical plays and television scripts and has lectured on class and class-related litigation issues for the Consumer Attorneys Association of Los Angeles.

Mr. Shohet devotes a portion of his practice to the pro bono representation of underprivileged clients and is active in several charitable arts and community services organizations in Los Angeles, including serving on the Leadership Council of A Place Called Home and the Board of Directors of Youth Mentoring Connection. Both of these organizations are at the forefront of redressing the street gang crisis in South LA and help to keep "at risk" youth in school, away from drugs and out of gangs.

### REPRESENTATIVE CASES

### STATE COURT

(1) *In re Intermix Media, Inc. Shareholder Litigation*, Los Angeles Superior Court Case No. BC339083. Mr. Shohet is counsel for one of the three

1

49

plaintiffs in these consolidated class action proceedings. Plaintiffs assert claims for breaches of fiduciary duty and other violations of law against the officers and directors of Intermix Media, Inc. The claims arise out of the September 2005 sale of the company and its primary asset, MySpace.com, to News Corp. Prior to the sale, Mr. Shohet persuaded the defendants to make additional material disclosures in SEC filings related to the transaction and their compensation. The Court held that these efforts created a substantial benefit for the class of public shareholders. Plaintiffs continue to prosecute their claim that Intermix was sold at an unfair price.

(2) *Grossett v. Wenaas*, San Diego Superior Court Case No. GIC775153. This shareholder derivative lawsuit was filed on behalf of JNI Corporation against the company's officers and directors alleging that they violated their fiduciary duties and the insider trading laws with respect to a secondary offering. Mr. Shohet served as one of the lead attorneys in the matter and, in December 2007, argued certain procedural aspects of the case before the Supreme Court of California. The decision is reported at 42 Cal.4th 1100, 175 P.3d 1184, 72 Cal.Rptr.3d 129 (2008).

(3) *Small v. Sunset Park Investments, Inc.*, Los Angeles Superior Court Case No. CA001225. Mr. Shohet served as co-lead counsel in this multi-party investor fraud class action involving the demise of a group of Southern California real estate lending companies. The case resulted in an approximate $20 million class action settlement. Mr. Shohet successfully defended an appeal before the California Court of Appeal. After the Court awarded attorney's fees, the investor class recovered nearly 80% of their out-of-pocket losses.

(4) *In re Cosmetics*, California Superior Court Coordinated Proceedings No. JCCP Case No. 4056. Mr. Shohet was one of the plaintiffs' counsel in coordinated proceedings that were litigated in the Marin County Superior Court arising out of antitrust claims asserted by a nationwide class of direct purchasers against manufacturers and retailers of high-end cosmetics. The settlement was valued at over $100 million.

(5) *Sanwa Bank California v. Facciani*, Los Angeles Superior Court Case No. CA001132 . Corinblit & Seltzer was counsel (together with two other plaintiffs' firms) for investors in this state court securities class action and a companion federal case in which settlements totaling approximately $26 million were obtained on behalf of the class. Mr. Shohet drafted or assisted in drafting

2

several of the key briefs in this case and was involved in discovery proceedings and the settlement negotiations.

(6) *Pinto v. Birr Wilson & Co., Inc.*, Los Angeles Superior Court Case No. CA001058. Corinblit & Seltzer was sole counsel for a class of municipal bondholders who were allegedly defrauded. Mr. Shohet was involved in all facets of the case which resulted in a cash settlement for the investors.

## FEDERAL COURT

(1) *In re Brand Name Prescription Drugs Antitrust Litig.*, MDL 997 (E.D. Ill.). This was an antitrust class action against the manufacturers and wholesalers of brand name prescription drugs. Mr. Shohet assisted in obtaining certification of a class of pharmacies, settling the claims of the class members against certain of the defendants and pursuing remaining claims to trial. Reported decisions may be found at <u>In re Brand Name Prescription Drugs Antitrust Litig.</u>, 186 F.3d 781 (7th Cir. 1999); 123 F.3d 599 (7th Cir. 1998); 115 F.3d 456 (7th Cir. 1997). The case resulted in settlements of over $700 million for a class of independent pharmacies.

(2) *In re ZZZZ Best Securities Litigation*, Master File No. CV 87-3574 RSWL(Bx) (C.D. Cal.). Corinblit & Seltzer was appointed by the Los Angeles federal court as sole lead counsel to represent the plaintiff class of defrauded securities purchasers. The ZZZZ Best fraud was described by the United States Attorney for the Central District of California as "the most massive and elaborate securities fraud perpetrated on the West Coast in over a decade." In the consolidated class action cases, the court issued several important published rulings sustaining plaintiffs' claims. <u>See</u>, e.g., <u>In re ZZZZ Best Securities Litigation</u>, 864 F.Supp. 960 (C.D. Cal. 1994); and [1990 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶95,416 (C.D. Cal. 1990). The case was settled for approximately $40 million in cash. Mr. Shohet was involved in all facets of the litigation.

(3) *Schneider v. Traweek*, No. CV 88-0905 RG(Kx) (C.D. Cal.). Corinblit & Seltzer was sole counsel for the plaintiff class consisting of thousands of investors in eight limited partnerships. In granting plaintiffs' motion for class certification, the court determined that "[t]he qualifications of Plaintiffs' counsel are not at issue, since the Defendants conceded at oral argument that no one questions the ability of the law firm of Corinblit & Seltzer

3

to prosecute this action on behalf of the proposed class." <u>Schneider v. Traweek</u>, [1990 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶95,419 at 97,113 (C.D. Cal. 1990). The case was settled for over $14 million. Other reported decisions in the case can be found at <u>Schneider v. Traweek</u>, [1990 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 95,507 (C.D. Cal. 1990). Mr. Shohet was involved in all facets of the litigation.

(4) *Biben v. Card*, No. 84-0844-CV-W-6 (W.D. Mo.). Corinblit & Seltzer served as co-lead counsel for plaintiffs in these consolidated securities fraud class action cases. The plaintiffs achieved substantial pretrial victories, including establishing the sufficiency of their claims under the federal securities laws against the director, accountant and attorney defendants in that case and in defeating motions for summary judgment by the insurance carriers for certain individual defendants. Mr. Shohet was extensively involved in those efforts which led to a multi-million dollar settlement.

(5) *In re ATM Fee Antitrust Litigation*, Case No.CV 04-2676 CRB (N.D. Cal.). Mr. Shohet is co-counsel for plaintiffs in the consolidated antitrust class actions challenging foreign ATM fees charged by a number of banks and other entities. The case is actively being litigated and a significant opinion on the scope of the "per se" and "rule of reason" approaches to allegations of price fixing was recently issued. In re ATM Fee Antitrust Litigation, --- F.Supp.2d ---, 2008 WL 793876 (N.D.Cal., March 24, 2008).

(6) *In re OnStar Contract Litigation*, MDL 07-1867. This pending consumer class action was assigned by the Multidistrict Litigation Panel in August 2007 to the Southern Division of the Eastern District of Michigan. Mr. Shohet is serving as one of the plaintiffs' counsel.

(7) *In re Domestic Air Transportation Antitrust Litigation*, Master File No. 1:90-CV-2485 MHS (N.D. Ga.). Corinblit & Seltzer was appointed by the Atlanta federal court to serve on the Plaintiffs' Steering Committee. The litigation consisted of more than fifty consolidated antitrust class actions. The case was settled for $50 million in cash and discount travel certificates with a face value of $408 million, which the Atlanta federal court valued as being worth approximately $305 million. Mr. Shohet drafted or assisted in drafting several of the key briefs in this case.

(8) *In re Taxable Municipal Bond Securities Litigation*, MDL No. 863 (D. La.). Corinblit & Seltzer was among four firms selected for a leadership

role in this consolidated multi-district litigation brought on behalf of defrauded securities purchasers of municipal bonds. After five years of litigation, the case was settled for approximately $110 million in cash. Mr. Shohet drafted or assisted in drafting several of the key briefs in this case.

(9)  *Kansas Gas & Elec. Co. v. Brock*, 780 F.2d 1505 (10th Cir. 1985). As an attorney for a public interest law firm, Mr. Shohet helped to establish an important precedent in the area of whistleblower law as it applies to the nuclear power industry.

(10) *In re Three Mile Island Alert, Inc.*, 771 F.2d 720 (3rd Cir. 1985). Mr. Shohet served as co-counsel for a citizen group in Harrisburg, Pennsylvania following the accident at Three Mile Island. He was involved in proceedings before the Nuclear Regulatory Commission and in the federal courts litigating issues related to the appropriateness of restarting the plant's undamaged reactor.

5

### DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, employed in the County of Los Angeles, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is One California Plaza, 300 South Grand Avenue, Suite 3900, Los Angeles, California 90071-3149.

2.      That on July 21, 2008, declarant served the DECLARATION OF JEFF S.W WESTERMAN IN SUPPORT OF MOTION OF HANOCH BEN-TAL, AS TRUSTEE FOR THE BEN-TAL FAMILY TRUST, AND ARIC A. STREIT AND MARY STREIT, AS TRUSTEES FOR THE BENEFIT OF THE STREIT LIVING TRUST, FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF CO-LEAD PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL by depositing a true copy thereof in a United States mailbox at Los Angeles, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.      That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 21st day of July, 2008, at Los Angeles, California.

ANN MARIE GENOVESE

JEFF S. WESTERMAN'S DECLARATION IN SUPPORT
OF MOTION TO CONSOLIDATE, APPOINT AS CO-
LEAD PLAINTFFS AND APPROVE CO-LEAD COUNSEL
DOCS\440649v1

CASE NO.  08-cv-1115-DMS -WMC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Bank of America Corporation*
**Service List**

***Plaintiffs Counsel:***

Jeff S. Westerman
**MILBERG LLP**
300 South Grand Ave., Suite 3900
Los Angeles, CA  90071
Telephone: (213) 617-1200
Facsimile: (213) 617-1975
Email: jwesterman@milberg.com

JEROME M. CONGRESS
KENT A. BRONSON
**MILBERG LLP**
One Pennsylvania Plaza, 49th Floor
New York, NY 10119
Telephone: (212) 594-5300
Email: jcongress@milberg.com
          kbronson@milberg.com

Christopher S. Seeger
Steven A. Weiss
David R. Buchanan
**SEEGER WEISS LLP**
One William Street
New York, NY  10004
Telephone: (212) 584-0700
Facsimile: (212) 584-0799
Email: cseeger@seegerweiss.com
          sweiss@seegerweiss.com
          dbuchanan@seegerweiss.com

Shawn Khorrami
**KHORRAMI POLLARD & ABIR LLP**
444 S. Flower Street, 33rd Floor
Los Angeles, CA  90071
Telephone: (213) 596-6000
Facsimile: (213) 596-6010
Email:  SKhorrami@kpalawyers.com

George A. Shohet
**LAW OFFICES OF GEORGE A. SHOHET,
A PROFESSIONAL CORPORATION**
245 Main Street, Suite 310
Venice, CA  90291
Telephone: (310) 452-3176
Email: georgeshohet@gmail.com

Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO  64112
Telephone: (816) 714-7100
Facsimile: (816) 714) 7101
Email: siegel@stuevesiegel.com

Eileen L. McGeever
**RUSHALL & MCGEEVER**
6100 Innovation Way
Carlsbad, CA  92009
Telephone: (760) 438-6855
Facsimile: (760) 438-3026
Email: RM@rushallmcgeever.com

Daniel C. Girard
Jonathan K. Levine
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA  94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: dcg@girardgibbs.com
          jkl@girardgibbs.com

| JEFF S. WESTERMAN'S DECLARATION IN SUPPORT OF MOTION TO CONSOLIDATE, APPOINT AS CO-LEAD PLAINTIFFS AND APPROVE CO-LEAD COUNSEL | | CASE NO.  08-cv-1115-DMS -WMC |
|---|---|---|

DOCS\440649v1

_**Defendants Counsel:**_

Debra S. Belaga
Aaron M. Rofkahr
**O'MELVENY & MYERS LLP**
Embarcadero Center West
275 Battery Street, Ste. 2600
San Francisco, CA  94111-3305
Telephone: (415) 984-8700
Facsimile: (415) 984-8701
Email: dbelaga@omm.com
          arofkahr@omm.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JEFF S. WESTERMAN'S DECLARATION IN SUPPORT OF MOTION TO CONSOLIDATE, APPOINT AS CO-LEAD PLAINTIFFS AND APPROVE CO-LEAD COUNSEL                    CASE NO.  08-cv-1115-DMS -WMC

DOCS\440649v1